## Commonwealth *v.* Spinozzi, Appellant.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William J. Moran, III,* for appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that the cumulative effect of various errors allegedly committed during the course of his probation revocation hearing requires that the order revoking probation and imposing sentence be reversed and appellant discharged.[1] We disagree and will therefore affirm the judgment of sentence.

---

1. Appellant does not contend that the revocation of his probation failed to satisfy the due process safeguards required by *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), and *Morrissey v.*

On May 2, 1974, appellant pleaded guilty to charges of burglary, larceny, and conspiracy, and was placed on eight years probation, conditioned on the payment of $1,125.00 restitution. On November 14, 1974, appellant was arrested and charged with the possession of heroin with intent to deliver. A preliminary hearing was held on November 22, 1974, and appellant was bound over for trial.

At the probation revocation hearing, held on December 27, 1974, the Commonwealth presented two witnesses. Randolph Bordeleau, a narcotics agent employed by the Pennsylvania Department of Justice, testified that on August 4, 1974, he was with appellant and Peggy Leming. He stated that Ms. Leming asked if he would like to purchase some heroin. He agreed and paid her $100 in cash, which she handed to appellant, who counted the money and placed it in his pocket. He then stated that minutes later he was solicited by appellant to purchase more heroin, and the identical scenario ensued: Ms. Leming took the heroin from her pocketbook and gave it to the agent; the agent paid Ms. Leming and she gave the money to appellant. The second Commonwealth witness was appellant's probation officer, who testified concerning restitution.

In assessing appellant's arguments, it is important to reiterate the purpose of a hearing on whether probation should be revoked: "The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of a probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent

---

*Brewer,* 408 U.S. 471 (1972). The two-step procedure mandated by the United States Supreme Court was satisfied by the preliminary hearing and the actual revocation hearing, at which time appellant was represented by counsel and permitted to confront opposing witnesses. See *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975).

against future antisocial conduct." *Commonwealth v. Kates,* 452 Pa. 102, 114-115, 305 A.2d 701, 708 (1973). See also *Commonwealth v. Davis, supra.* It must be emphasized that *a probation revocation hearing is not a trial:* "The court's purpose is not to determine whether the probationer has committed a crime. . . . It follows that probation revocation hearings are flexible, and material not admissible at trial may be considered by the court. *Morrissey v. Brewer, supra* at 489. '[T]he degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction.' *United States v. D'Amato,* 429 F. 2d 1284 (3d Cir. 1970). '[P]robation may be revoked on the basis of conduct which falls short of criminal conduct.' *United States v. Chambers,* 429 F. 2d 410 (3d Cir. 1970)." *Commonwealth v. Davis, supra* at 41, 336 A.2d at 621-622.

It should also be noted that appellant does not contend that the order revoking probation was based on insufficient evidence. See *Commonwealth v. Newman,* 225 Pa. Superior Ct. 327, 310 A. 2d 380 (1973). The decision to revoke probation must be based on evidence of "probative value," and a mere arrest, without a conviction, is lacking in probative value. Thus, before a court may revoke probation, factual evidence, in addition to the fact of arrest, must be presented. *Commonwealth v. Davis, supra.* In the instant case, the arresting officer testified in detail concerning the circumstances resulting in appellant's arrest.

Appellant first contends that the court improperly limited his cross-examination of agent Bordeleau. Defense counsel was attempting to establish that at the preliminary hearing, Bordeleau did not accuse appellant of soliciting the second purchase of heroin. Further, counsel wanted to point out an inconsistency in regard to whether at the time of the initial purchase, Bordeleau was able to see whether Ms. Leming had additional heroin in her pocketbook. Obviously, neither of these

inconsistencies affected the substance of the agent's testimony in any way. The lower court acted well within its discretion in limiting questioning on collateral matters; it was not deciding whether appellant was guilty of the narcotics charge, but was determining whether probation had ceased to be "an effective vehicle to accomplish rehabilitation."

The second alleged error is that the court based its revocation order, in part, on an unproven violation. The probation officer and the court disagreed on whether appellant had violated the restitution condition of his probation. The record is clear, however, that the court did not consider this issue at all in its decision:

"[DISTRICT ATTORNEY]: I don't know why [defense counsel] is making such a big issue of the restitution. . . . I purposely stayed away from the fact that he hasn't made restitution. . . .

"THE COURT: Well, I am not treating that. I am treating the fact that he was selling heroin.

"[DISTRICT ATTORNEY]: 'That is correct and that is what I think we should concern ourselves with. . . .

"[DEFENSE COUNSEL]: If the District Attorney is finished, I would address myself to the second part. I thought you were concerned with both issues here, whether or not restitution has been made."

Appellant's final allegation is that the "sentence was not connected with a first offense robbery (on a guilty plea) but to make certain that a heroin pusher got his reward." It is always difficult to make this determination. Obviously, had appellant not been involved in a narcotics sale, the probation revocation hearing would not have been necessary. Just as obviously, appellant violated his probation. It is apparent that the trial judge concluded that his original probation order was not serving as a "sufficient deterrent against future antisocial conduct." *Commonwealth v. Kates,* supra, at 115, 305

A. 2d at 708. The court based this conclusion on the evidence of appellant's involvement in the sale of heroin. Appellant's attempt to characterize the imposition of sentence as a "flagrant abuse of judicial discretion" is totally unwarranted.

Judgment of sentence is affirmed.