422 A.2d 203

COMMONWEALTH of Pennsylvania

v.

**Louis BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Decided Oct. 10, 1980.

Petition for Allowance of Appeal Granted May 1, 1981.

David L. Marshall, Norristown, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that (1) the doctrine of collateral estoppel bars revocation of his probation based upon criminal charges of which he was acquitted; and (2) the lower court erred in allowing a Commonwealth witness to identify him as the witness' assailant. We disagree and, accordingly, affirm the judgment of sentence.

In April, 1976, following his conviction of robbery and criminal conspiracy, appellant was placed on probation for a term of four years. In January, 1978, appellant was arrested and again charged with robbery and criminal conspiracy. At the trial on these latter charges the Commonwealth introduced an inculpatory statement which appellant allegedly had made and presented the testimony of the victim, who described the robbery but did not identify appellant as one of his assailants. At the close of trial the jury acquitted appellant of both charges. Shortly thereafter, the Common-

wealth instituted proceedings for revocation of appellant's probation based on the charges of which he had been acquitted. At the revocation hearing the victim identified appellant as one of the men who had robbed him. On the basis of this identification testimony and appellant's inculpatory statement, the lower court found that appellant had violated the terms of his probation. The court therefore revoked probation and sentenced appellant to a term of imprisonment of two–to–five years. This appeal followed.

■ Appellant first contends that the doctrine of collateral estoppel bars revocation of his probation based on criminal charges of which he was acquitted. Collateral estoppel "means simply that when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In *Ashe* the United States Supreme Court held that the Fifth Amendment guarantee against double jeopardy, which is applicable to the states through the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), encompasses the doctrine of collateral estoppel. To evaluate appellant's claim that collateral estoppel precludes revocation of probation in this case, we shall first consider the differences between criminal trials and probation revocation proceedings.

■ In *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973), our Supreme Court stated:

At ... trial the issue is whether the elements of the offense or offenses charged are present .... The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct.

*Id.*, 452 Pa. at 114–15, 305 A.2d at 708. Unlike a criminal trial where "the burden is upon the Commonwealth to

establish all of the requisite elements [of the offense(s) charged] beyond a reasonable doubt," *id.,* 452 Pa. at 114, 305 A.2d at 708, at a revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence. *See Commonwealth v. Del Conte,* 277 Pa.Super. 296, 419 A.2d 780 (1980) (citing *United States v. Iannece,* 405 F.Supp. 599 (E.D.Pa.1975); *Commonwealth v. Lipton,* 238 Pa.Super. 124, 352 A.2d 521 (1975)). Moreover, the flexibility of revocation proceedings permits the court to consider evidence which is inadmissible at trial. *See, e. g., Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Kates, supra; Commonwealth v. Spinozzi,* 236 Pa.Super. 32, 345 A.2d 181 (1975); *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975).

■ In support of his contention that collateral estoppel applies to this case, appellant cites *People v. Grayson,* 58 Ill.2d 260, 319 N.E.2d 43 (1974), *cert. denied,* 421 U.S. 994, 95 S.Ct. 2001, 44 L.Ed.2d 484 (1975). In *Grayson* the Supreme Court of Illinois acknowledged the substantial differences between a criminal trial and a probation revocation hearing, but summarily concluded that an acquittal at a criminal trial precludes a subsequent revocation of probation based upon the same evidence. Many other courts, however, have held that collateral estoppel does not bar revocation of probation or parole based on charges of which the probationer or parolee has been acquitted. *See, e. g., Standlee v. Rhay,* 557 F.2d 1303 (9th Cir. 1977) (parole revocation); *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *In re Coughlin,* 16 Cal.3d 52, 545 P.2d 249, 127 Cal.Rptr. 337 (1976); *Russ v. State,* 313 So.2d 758 (Fla.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975); *Johnson v. State,* 240 Ga. 256, 242 S.E.2d 53, *cert. denied,* 439 U.S. 881, 99 S.Ct. 221, 58 L.Ed.2d 194 (1978); *State v. Fortier,* 20 Or.App. 613, 533 P.2d 187 (1975); *Russell v. Texas,* 551 S.W.2d 710 (Tex.Cr. App.), *cert. denied,* 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312 (1977); *Standlee v. Smith,* 83 Wash.2d 405, 518 P.2d 721 (1974) (parole revocation). In so holding these courts recognize, as did our Supreme Court in *Commonwealth v. Kates,*

*supra*, that a revocation hearing differs from a criminal trial in two critical respects: the burden of proof and the nature of the inquiry. Clearly, a judgment of acquittal following a jury trial does not necessarily mean that the jury disbelieved the evidence presented by the Commonwealth; it indicates only that the Commonwealth's proof did not convince the jury of the defendant's guilt beyond a reasonable doubt. Additionally, as noted by the Supreme Court of California:

> The probation revocation hearing . . . was not, of course, a second criminal prosecution, nor was it intended to authorize criminal punishment. The proceeding took the form of a trial, with the presence of witnesses and the introduction of evidence, only because due process principles required such a hearing for petitioner's own protection. . . . Yet the sole consequence of revocation of probation is that the offender must commence to serve a term for an offense of which he *previously* was properly convicted.

*In re Coughlin, supra* 16 Cal.3d at 61, 545 P.2d at 255, 127 Cal.Rptr. at 343. *See also Russell v. Texas, supra* at 714. In view of the fundamental differences between criminal trials and probation revocation proceedings, we conclude that appellant's acquittal of criminal charges did not serve to determine conclusively any issue of ultimate fact at the subsequent revocation hearing. Accordingly, we hold that collateral estoppel does not bar revocation of appellant's probation based on the charges of which he was acquitted.[1]

Appellant next contends that the victim should not have been permitted to identify him at the revocation hearing because appellant was improperly denied a pretrial lineup.

---

1. Appellant contends also that the evidence adduced at the revocation hearing was insufficient to prove that he had violated a condition of his probation. Specifically, appellant asserts that because he had been acquitted of the criminal charges, the evidence presented at trial lacked probative value and should not have been considered at the revocation hearing. We have already determined that the doctrine of collateral estoppel did not preclude the revocation hearing court from relying upon evidence which had been presented at appellant's trial. That evidence, as well as the victim's identification testimony, clearly "was of sufficient probative value to substantiate that a violation of probation occurred." *Commonwealth v. Mallon*, 267 Pa.Super. 163, 167, 406 A.2d 569, 571 (1979).

Although appellant requested a lineup at his preliminary hearing on the criminal charges, no lineup was held because the preliminary hearing prosecutor, Thomas Miller, had informed the court that the victim could not identify appellant. The Commonwealth presented no identification evidence at either the preliminary hearing or trial. At the subsequent revocation hearing the victim testified that he could have identified appellant at the preliminary hearing, but that he had not been asked to do so. Mr. Miller then testified that at the time of the preliminary hearing he had believed that the victim could not identify appellant, but he did not recall whether he had asked the victim if he could do so. Before accepting the victim's identification testimony at the revocation hearing, the lower court permitted both the prosecution and defense to question the witness extensively to determine whether his identification of appellant had been tainted by the preliminary hearing confrontation.

■ Appellant argues that the lower court should not have permitted the victim to identify him at the revocation hearing because Mr. Miller's statement at the preliminary hearing that the victim could not identify appellant was deliberately misleading and "prevented appellant from determining that the witness could not make a positive identification with certainty." Brief for Appellant at 19. We disagree. First, Mr. Miller's testimony at the revocation hearing clearly reveals that he did not intentionally deny appellant a pretrial lineup. Moreover, the lack of a lineup did not prejudice appellant at the revocation hearing. Appellant was allowed to cross–examine the victim fully to try to show that the witness' identification was based upon the preliminary hearing confrontation rather than the confrontation at the time of the incident. Accordingly, the lower court did not err in allowing the victim to identify appellant at the revocation hearing.[2]

Judgment of sentence affirmed.

**2.** Appellant contends finally that the lower court failed to state its reasons for imposing a sentence which could exceed the length of his original term of probation. *See* Pa.R.Crim.P. 1405(b); *Common-*

wealth v. Riggins, 474 Pa. 115, 377 A.2d 140 (1977). Having reviewed the sentencing hearing transcript, we conclude that the lower court sufficiently articulated its reasons for revoking appellant's probation and sentencing him to a term of imprisonment of two–to–five years.