437 A.2d 60

COMMONWEALTH of Pennsylvania,

v.

William Glenn FLEEGER, Appellant.

Superior Court of Pennsylvania.

Argued March 17, 1981.

Filed Nov. 13, 1981.

James E. McLaughlin, Pittsburgh, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

On June 15, 1979, appellant pleaded guilty to two counts of robbery in the Common Pleas Court of Butler County. Two concurrent sentences of 11½ months to 23 months imprisonment were imposed, followed by a term of three years probation. Fleeger was given credit for time spent during pre-conviction detention and was released from prison and placed on probation on November 16, 1979 after a decision granting him parole was rendered.

On March 10, 1980, the appellant was arrested on various charges in Allegheny County. On April 30, 1980, a hearing was held in Butler County to determine whether appellant had violated his probation. The trial court held probation had been violated because appellant was held for trial in Allegheny County. Fleeger was sentenced to serve 18 months to 36 months imprisonment. A motion to vacate sentence was filed and denied. This appeal followed.

Appellant was subsequently acquitted on all charges in the Allegheny County court on August 6, 1980. On August 8, 1980, the trial court refused to entertain any motion to vacate or modify appellant's sentence. Fleeger then filed a motion for supersedeas with this court which was granted per Brosky, J. on August 28, 1980. We reverse the decision of the trial court.

Appellant asserts that the trial court erred in imposing a sentence upon the appellant which was in excess of the sentence already imposed. Essentially, he contends he should not have been forced to serve anymore of a sentence than the remainder of his original term of imprisonment.

Furthermore, the appellant contends that the trial court's revocation of his probation requires reversal because no *Gagnon II* hearing was held.

First, we note that the focus of a probation revocation hearing is clear.

The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of a probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct.

*Commonwealth v. Kates*, 452 Pa. 102, 114–115, 305 A.2d 701, 708 (1973). The probation revocation hearing also differs from a trial in that the Commonwealth need prove only a probation violation by a preponderance of the evidence. *Commonwealth v. Brown*, 281 Pa.Super. 348, 350, 422 A.2d 203, 204 (1980), and evidence which is inadmissible at trial may be admitted at the probation revocation hearing. *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). Thus, it is quite possible for a person to be acquitted of charges brought against him and yet have his probation revoked based upon the existence of those charges being brought against him. *Commonwealth v. Brown*, supra. However, we hasten to add that a bare assertion of an arrest, "without a conviction, is lacking in probative value. Thus, before a court may revoke probation, factual evidence, in addition to the fact of the arrest, must be presented." *Commonwealth v. Spinozzi*, 236 Pa.Super. 32, 35, 345 A.2d 181, 183 (1975).

The appellant first remonstrates that the probation violation sentence is illegal because it exceeds the sentence originally imposed upon him. Thus, appellant directs our attention to his original sentence of 11½ to 23 months imprisonment and asserts that the probation violation sentence of 18 to 36 months imprisonment was illegal because it exceeded the unserved portion of his original sentence. Appellant had served approximately 10 months of his sentence when he was paroled. Thus, only 1½ to 13 months of his original sentence remained to be served. He claims a more lengthy sentence places him in jeopardy twice.

In *Commonwealth v. White*, 264 Pa.Super. 495, 499–500, 400 A.2d 194, 196 (1979), we said:

> Initially, the double jeopardy prohibition of the federal constitution entails a trilogy of rights.
>
>> "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. *And it protects against multiple punishment for the same offense.*" *North Carolina v. Pearle*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 [664–665] (1969) (emphasis added) (footnotes omitted).
>
> [Emphasis in original] [citation omitted]. In determining whether appellant was subject to multiple punishment, the rule in this Commonwealth is an order of sentence for purposes of double jeopardy analysis.[6] See *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967); *Commonwealth v. Stewart*, 257 Pa.Super. 334, 344 n. 11, 390 A.2d 1264, 1269 n. 11 (1978).

However, as we note in footnote six to our opinion in *Commonwealth v. Stewart,* supra:

> 6. An exception to this rule applies to cases in which a defendant is re-sentenced following a violation of the terms of probation. To avoid a claim of double jeopardy in such cases, the initial order of probation is deemed a mere "conditional" order and is not considered a "final order" of sentence which is increased by the subsequent re-sentence. See, e. g., *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978); *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967).

In *Commonwealth v. Colding*, 482 Pa. 112, 353 A.2d 404 (1978), our Supreme Court applied these principles in a probation revocation case. It said:

> We believe the *Pearce* rationale is applicable to the case at bar. Like the *Pearce* Court, we perceive no double jeopardy prohibition against imposition of a sentence which is more severe than that originally vacated [footnote omitted] when an intervening sentence of probation has been violated. This conclusion flows logically from

the initial premise that a "vacated" sentence is of no legal effect. Moreover, any fear that a possibility of enhanced punishment will chill a defendant's option to seek modification of a sentence pursuant to 12 P.S. § 1032, supra, n. 10, is offset by a requirement that any such enhancement be justified by the defendant's conduct subsequent to the original sentencing.

In summary, the case at bar presents a sentence validly vacated, see n. 2 supra, and replaced by a lesser sentence in the form of probation. It was only following a violation of probation by fresh criminal conduct that the court meted out a penalty arguably more severe than the original one. In these circumstances we see neither a double jeopardy problem nor the possibility that a defendant's opportunity to seek modification of a sentence will be chilled by our holding. Cf. *North Carolina v. Pearce*, supra. Appellant's contentions to the contrary must be rejected.

Id., 482 Pa. at 120, 393 A.2d at 408–409.

In the instant case, the appellant pleaded guilty to two counts of robbery. One can be sentenced up to 20 years for commission of a robbery. The appellant received a significantly lesser sentence. While we recognize that this case does not involve an imposed sentence subsequently replaced in its entirety by probation, we are aware of the fact that a probationary term was included in sentencing upon receipt of appellant's plea.

The appellant directs our attention to *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975), in which we said:

If a trial court suspends sentence and places the defendant on probation, the court is not limited by a term of probation in sentencing the defendant who has violated a condition of probation. *Commonwealth v. Cole*, 222 Pa.Super. 229, 294 A.2d 824 (1972). *Cole*, however, articulates a caveat to this power: "If a *defendant is sentenced*, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation. *The maximum period of the*

*re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced.*" 222 Pa.Super. at 231, 294 A.2d at 825 (emphasis added). (Emphasis supplied) id., 232 Pa.Super. at 149, 336 A.2d at 408–409. The instant case does not involve a situation where appellant received a probationary sentence after a suspended sentence. Thus, appellant's argument is misplaced.

■ Accordingly, we recognize that our Supreme Court has held that when a sentence of probation has been violated, a more severe sentence than that originally imposed, may issue. Furthermore, the probationary sentence, herein, was not imposed after a term of imprisonment was vacated and replaced by a probationary term, but was imposed in conjunction with a term of imprisonment. Finally, we note the the probation violation sentence did not exceed the maximum sentence which may be imposed for a robbery conviction, when combined with the time appellant has already served, Cf. 61 Pa.C.S.A. § 331.25. Therefore, we hold that the trial court acted properly when it sentenced the appellant after finding that he had violated his probation.

Next, appellant argues that "The trial court's revocation of appellant's probation constituted error and requires reversal." He asserts no "proper" *Gagnon II* hearing was held during his probation revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The appellant notes in his brief: "In this case the trial court found that appellant's hearing before the District Magistrate [at which the magistrate found sufficient facts existed in order to hold appellant for trial on the charges by which the probation revocation procedure was triggered] satisfied the requirements of a *Gagnon I* hearing. Appellant's argument is not convincing.

In *Commonwealth v. Parker*, 244 Pa.Super. 113, 116–117, 366 A.2d 941 (1976), we held in the parole context:

First, we have held that so long as a parolee has received a probable cause (i. e. *Gagnon I* hearing, it is permissible to postpone the *Gagnon II* hearing pending

the trial of the charges upon which the parole revocation is based. *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). We have also held that a preliminary hearing resulting in a parolee's being held for court complies with the requirements of a *Gagnon I* hearing. Id. See also *Commonwealth v. Spinozzi*, 236 Pa.Super. 32, 345 A.2d 181 (1975); *Commonwealth v. Ball*, 235 Pa.Super. 581, 344 A.2d 675 (1975).

 The trial court properly held that the preliminary hearing satisfied the requirements of a *Gagnon I* hearing. Thus, the trial court "properly" held a *Gagnon II* hearing at which appellant's probation was revoked. The court also properly concluded that it could hold a probation revocation hearing prior to the trial on the charges out of which appellant's probation was revoked. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701.

Finally, Fleeger contends that the facts upon which his probation was revoked were insufficient. As we noted earlier, a bare assertion of an arrest "without a conviction, is lacking in probative value. Thus, before a court may revoke probation factual evidence, in addition to the fact of arrest, must be presented." *Commonwealth v. Spinozzi*, 236 Pa.Super. at 35, 345 A.2d at 183; *Commonwealth v. Warren*, 250 Pa.Super. 522, 379 A.2d 1271 (1977).

The only evidence presented at trial was that appellant had been arrested and that, as the parole agent for Butler County stated:

My recommendation is to detain pending disposition of criminal charges for the following reasons: Serious nature of the charges indicating that Mr. Fleeger has reverted to his former pattern, an aggressive criminal behavior; two, a prima facie case has been established before a case has been established before a local district magistrate; and three, Mr. Fleeger had proven in the past that he presents a threat to the community and the present charge seems to substantiate that danger.

Accordingly, the only evidence which was presented other than the bare assertion that an arrest had been made,

recommended not that the appellant's probation be revoked but that he should be detained pending disposition of charges held against the appellant. The tenor of the parole agent's remarks indicates that he believed that probation revocation, in appellant's case, should be contingent upon a conviction. The trial court supported its findings upon the evidence and evidence that appellant had previously been convicted of robbery in Kentucky.

■ Thus, no evidence concerning the circumstances of appellant's arrest was submitted. The trial court was presented only the evidence that an arrest occurred and that a parole agent believed the existence of this arrest was sufficient to justify detaining appellant until the charges were determined. In light of our holding in *Commonwealth v. Spinozzi*, supra., we cannot decide that the evidence was sufficient to justify the revocation of appellant's probation.

Accordingly, the decision of the trial court must be reversed and the case is remanded to the lower court for resentencing consistent with this opinion.

MONTEMURO, J., concurs in the result.

PRICE, J., did not participate in the consideration or decision of this case.