J. S10030/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
                                  :
                    v.            :
                                  :
                                  :
                                  :
JASON PARKER,                     :
                    Appellant     :
                                  :      No. 2144 EDA 2015

Appeal from the Judgment of Sentence April 20, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003077-2008

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 29, 2017**

Appellant, Jason Parker, appeals from the Judgment of Sentence of 18 months' to 3 years' incarceration imposed following the revocation of his probation.  We affirm.

In 2008, Appellant entered an open guilty plea to Persons Not to Possess a Firearm.[1]  The court sentenced him to 11½ to 23 months' county incarceration, followed by three years' probation.  On September 27, 2010, the parole board granted Appellant's application for county parole.

The following year, Appellant violated his probation.  On February 8, 2011, the court sentenced him to a term of incarceration of time-served to

---

[1] 18 Pa.C.S. § 6105(a)(1).

12 months, with a consecutive 3-year term of probation, commencing on November 22, 2010.

On November 27, 2012, Appellant admitted to again violating his probation, and waived his right to a hearing. The court revoked Appellant's February 8, 2011 sentence, and sentenced Appellant to 11½ to 23 months' incarceration calculated from December 13, 2011,[2] followed by a 1-year term of probation.

On May 20, 2014, Philadelphia police arrested and charged Appellant with Falsely Pretending to Hold Notary Public Office[3] in connection with his providing legal services at Philadelphia's Criminal Justice Center.

Appellant's Philadelphia County arrest triggered another violation of probation proceeding in Montgomery County. Accordingly, the court scheduled a *Gagnon I*[4] hearing for January 20, 2015.

On January 5, 2015, Appellant filed a *pro se* "Motion to Lift Detainer or Immediate Hearing on the Matter" seeking an entry of an Order lifting his probation violation and reinstating his probation.

On January 20, 2015, the court continued the *Gagnon I* hearing at the request of Appellant's counsel.

---

[2] Appellant was, thus, eligible for immediate parole.

[3] 18 Pa.C.S. § 4913(a)(1). The offense is graded as a second-degree misdemeanor.

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

On January 28, 2015, Appellant filed a Motion for Appointment of New Counsel based on an alleged irreconcilable conflict with his counsel. On February 4, 2015, the court appointed a Public Defender to represent Appellant. However, Appellant proceeded to file a number of *pro se* Motions including: (1) a "Motion for *Gagnon II* Hearing/Contested" on February 24, 2015; (2) a "Motion to Proceed *Pro Se* and Written Waiver of Counsel and Immediate Hearing on the Matter" on February 27, 2015; and (3) a "Motion to Terminate and/or Lift Detainer or an Immediate Contested *Gagnon* Hearing on the Matter" on March 3, 2015.[5] On March 3, 2015, the Philadelphia County Municipal Court convicted Appellant of the false notary charge. Following numerous continuances, the court sentenced Appellant on November 24, 2015. On December 9, 2015, Appellant filed a Notice of Appeal of his Judgment of Sentence to the Court of Common Pleas.[6]

On March 10, 2015, the court entered an Order noting that, "this case has been scheduled for a *Gagnon* hearing on numerous occasions . . . at [Appellant's] request in order for him to have adequate time to resolve open charges in Philadelphia County." Order, 3/10/15. The court's Order also

---

[5] Appellant also filed a *pro se* Motion to Dismiss pursuant to Pa.R.Crim.P. 600 on March 13, 2015, a Motion to Dismiss pursuant to Pa.R.Crim.P. 1013, and various requests for copies of his criminal dockets.

[6] On October 31, 2016, the court dismissed the charge pending against Appellant without prejudice.

scheduled a contested **Gagnon** hearing for April 20, 2015, and reaffirmed that the court had appointed a Public Defender to represent Appellant.

Following the April 20, 2015 Hearing, the court sentenced Appellant for his probation violation to a term of 1½ to 3 years' state incarceration, with credit for time-served. On May 1, 2015, Appellant filed a *pro se* Notice of Appeal and a "Request to Proceed *In Forma Pauperis* for Purposes of Appeal and for Appointment of Counsel on Appeal." On May 22, 2015, Appellant filed a "Motion to Proceed *Pro Se*, and Written Waiver of Counsel and Immediate Hearing on the Matters." That same day, Appellant also filed a *pro se* "Motion to Vacate or Resentence *Nunc Pro Tunc*." On July 17, 2015, Appellant filed a *pro se* "Motion for Transcripts." On July 21, 2015, Raymond D. Roberts, Esquire, from the Office of the Public Defender of Montgomery County, entered his appearance on behalf of Appellant.

On September 9, 2015, this Court directed the trial court to conduct a **Grazier**[7] hearing to determine whether Appellant wished to proceed *pro se*. Appellant participated in the hearing by way of videoconference from SCI Frackville. The court questioned Appellant on the record and Appellant testified that he wished to withdraw his Motion to Proceed *Pro Se*. Following the hearing, on October 16, 2015, the court ordered that the Office of the Public Defender of Montgomery County continue to represent Appellant.

---

[7] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

J. S10030/17

Appellant filed a counseled Pa.R.A.P. 1925(b) Statement on October 22, 2015, and a Supplemental Pa.R.A.P. 1925(b) Statement on November 16, 2016.

Appellant raises the following issues on appeal:

1. [W]hether the trial court erred in merely combining the **Gagnon I** and **Gagnon II** hearings where case law "clearly requires two independent hearings[?]"

[1(b)] Whether Appellant was afforded notice or presented with disclosure of the evidence to be presented against him[?]

2(a). Whether the trial court erred in finding [A]ppellant in violation of his Montgomery County probation before he was sentenced on the new charges out of Philadelphia, which was the basis for the Montgomery County violation?

2(b). Whether the evidence was insufficient as a matter of law to sustain a finding that [A]ppellant violated his probation where there was no evidence presented at the **Gagnon** hearing that he ever entered into a courtroom or represented any person in a court of law and the only evidence presented was a mere verdict sheet on the new charges, not a certified copy of the [J]udgment of [S]entence?[8]

2(c). Whether the trial court erred in finding [A]ppellant in violation of his probation where he filed an appeal from the Philadelphia County Municipal Court [J]udgment of [S]entence?

---

[8] Appellant has not presented any argument in his Brief in support of this claim. Accordingly, it is waived.

- 5 -

Appellant's Brief at 8 (reordered for ease of disposition).[9]

In the first sub-issue of Appellant's first issue, Appellant claims the court violated his due process rights by improperly combining his *Gagnon I* and *Gagnon II* hearings. *Id.* at 17.

Generally, "[w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a *pre-revocation* hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000). Where the court makes a finding of probable cause, it must conduct a more comprehensive hearing—a *Gagnon II* hearing—before making a final determination. *Id.*

Our review of the record indicates that on December 31, 2014, the trial court scheduled Appellant's *Gagnon I* hearing for January 20, 2015. However, on January 5, 2015, Appellant filed a *pro se* Motion to Lift Detainer or Immediate Hearing on the Matter, in which he requested "an immediate *Gagnon II* hearing." Trial Ct. Op., 6/20/16, at 7-8. At Appellant's January 20, 2015 *Gagnon I* hearing, his counsel requested that the trial court continue the matter to a *Gagnon II* hearing. Order, 1/20/15; *see also* Trial Ct. Op. at 8. Then, on February 24, 2015, Appellant filed a *pro se* Motion for an "immediate contested *Gagnon II* Hearing." Motion, 2/24/15,

---

[9] We note that, in violation of Pa.R.A.P. 2119(a), Appellant has raised in his Brief two distinct claims within his first argument and three claims within his second argument.

at 1. On February 27, 2015, Appellant filed a Motion to Proceed *Pro Se*, and Written Waiver of Counsel, and Immediate Hearing on the Matter, in which he reiterated his request that he "would like to be placed on the court's earliest possible date for a **Gagnon II** hearing." Motion, 2/27/15, at 2.

Based on our review of the docket, we conclude that the trial court did not improperly consolidate Appellant's **Gagnon I** and **Gagnon II** hearings. In fact, it was Appellant who asked the court to continue his **Gagnon I** hearing to a **Gagnon II** hearing and repeatedly requested that the court immediately, at the earliest possible date, conduct his **Gagnon II** hearing.

Moreover, our review of the Notes of Testimony from Appellant's April 20, 2015 hearing reflects Appellant did not object to the combined nature of that proceeding at any time. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, Appellant is not entitled to relief.

In his second sub-issue, Appellant claims the Commonwealth did not give him notice of the alleged violations of his probation or disclose the evidence against him. Appellant's Brief at 13. He avers that the court's conclusion that he sent to the court a signed Notice of Violation was unsupported by the evidence because the Commonwealth did not present a handwriting expert to confirm that it was, in fact, Appellant's signature on the notice of violation. **Id.** at 14. Appellant also claims that the Commonwealth failed to prove at his **Gagnon** hearing that he received a

certified copy of his conviction. *Id.* at 16. Thus, Appellant argues the record at his *Gagnon* hearing failed to prove by a preponderance of the evidence that he received written notice of the claimed violations or disclosure of the evidence against him. *Id.*

At a *Gagnon I* hearing, a defendant is entitled to "notice of the alleged violations of probation . . ., an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision[-]maker, and a written report of the hearing." *Commonwealth v. Ferguson*, 761 A.2d at 617 citing *Gagnon*, 411 U.S. at 786.

At a *Gagnon II* hearing, a defendant is entitled to "written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole." *Ferguson*, 761 A.2d at 617-18, *citing Gagnon*, 411 U.S. at 768 (citation and quotation marks omitted)).

Two facts belie Appellant's claim that the Commonwealth failed to prove that he received Notice of his probation violations. First, the Commonwealth presented the testimony of Brittany Koch, a parole officer from the Montgomery County Adult Probation Office. Ms. Koch testified that she is familiar with Appellant and his probation file. N.T., 4/20/15, at 21, 22, 25. Ms. Koch identified documents presented by the Commonwealth as copies of the Rules and Regulations of Montgomery County Probation and Parole and Montgomery County Adult Probation Procedure of Charges of Violations, which Appellant had signed.[10] *Id.* at 24-25. The court marked these documents as Exhibits C-1A and C-1B. *Id.* at 23. Ms. Koch testified that, although she did not see Appellant sign these documents, she was familiar with Appellant's signature because there are "multiple copies of his signature in the file[.]" *Id.* at 23, 48. Ms. Koch also testified that she was familiar with Appellant's signature because the Probation Office had received correspondence from Appellant. *Id.* at 26. Ms. Koch testified that the signature on the letter sent to the Probation Office matched the signature on the forms marked Exhibits C-1A and C-1B.

Appellant's counsel objected to Ms. Koch's authentication of Appellant's signature, and the trial court sustained his objection. However, it is clear that Ms. Koch permissibly opined as to the authenticity of

---

[10] Ms. Koch admitted on cross-examination that she did not know on what date Appellant had signed the documents, and the hearing exhibits are not part of the Certified Record. *See* N.T., 4/20/15, at 48.

Appellant's signature on the Notice of Violation returned, via U.S. Mail, to the Montgomery County Adult Probation Office, as Pa.R.E. 901(b)(2) permits a non-expert to authenticate handwriting if her opinion is "based on a familiarity with it that was not acquired for the current litigation." Pa.R.E. 901(b)(2).

Furthermore, and more importantly, at the Commonwealth's request, the court took judicial notice of, and admitted as exhibits, two *pro se* Motions filed by Appellant on March 3, 2015 and April 1, 2015, to which Appellant appended copies of his Notice of Violation. The court concluded, on the record at Appellant's hearing, that, "having sent a copy of those documents to the court with his signature affixed to the filing to which they were attached, you have established that he had a copy of that document." N.T., 4/20/15, at 61. Accordingly, Appellant's claim with respect to Notice of his Violation fails.[11]

Appellant also claims that the Commonwealth failed to prove that Appellant received a copy of the Certified Copy of his Conviction, and that, therefore, the Commonwealth did not disclose to Appellant all of the evidence against him. Appellant's Brief at 16.

With respect to presenting the evidence of Appellant's Philadelphia County Municipal Court conviction, the Commonwealth presented the

---

[11] Moreover, Appellant has not supported his bald assertion, that in the absence of a handwriting expert witness, the Commonwealth failed to prove that he had Notice of his Violation, with citation to any authority.

testimony of Mr. Mark Gaillard from the Philadelphia County Office of Judicial Records. *Id.* at 51. The Commonwealth questioned Mr. Gaillard about the "trial disposition and dismissal form" from Appellant's Philadelphia County case, noting the Municipal Court's finding of "guilty." *Id.* at 53-56. Mr. Gaillard also testified about, and the violation of probation court admitted into evidence, the Criminal Complaint in the Philadelphia County matter. *Id.* at 56-59.

Our review of the Notes of Testimony indicates that Appellant did not object to the Commonwealth's admission of the Philadelphia County business records evidencing Appellant's conviction. N.T., 4/20/15, at 56. In fact, Appellant's counsel conceded that he could not contest the fact of Appellant's conviction. *Id.* at 65-66. Therefore, Appellant did not preserve this issue for appeal, and it is, thus, waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In the first sub-issue of Appellant's second issue, Appellant claims the trial court erred in finding him in violation of probation in Montgomery County because the Philadelphia County court had not sentenced him on his conviction there. Appellant's Brief at 20. Appellant insists that the March 3, 2015 verdict sheet from Philadelphia Municipal Court County was insufficient to prove Appellant's Montgomery County probation violation. *Id.*

"[A] court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b). Our Supreme Court has repeatedly acknowledged that this is a broad standard as "[a] probation violation is established whenever it is shown that the conduct of the probationer indicates [that] the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "[T]he Commonwealth need only make this showing by a preponderance of the evidence." *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010). Even technical violations are sufficient to trigger revocation. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000) (upholding the revocation of probation based on the appellant's failure to properly report for scheduled appointments with parole officer).

"It is well[-]settled that a probation violation hearing may be conducted prior to a trial for the criminal charges based on the same activities." *Commonwealth v. Castro*, 856 A.2d 178, 180 (Pa. Super. 2004) (quoting *Commonwealth v. Brown*, 469 A.2d 1371, 1375 (Pa. 1983)). A violation of probation hearing also differs from a criminal trial in the following manner:

> The focus of a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a

> sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: "The court's purpose is not to determine whether the probationer committed a crime.... It follows that probation revocation hearings are flexible, and material not admissible at trial may be considered by the court. The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

*Castro*, 856 A.2d at 180 (quoting *Commonwealth v. Spinozzi*, 345 A.2d 181, 182-83 (Pa. Super. 1975)).

Appellant's claim that entry of his Judgment of Sentence in Philadelphia County was a condition precedent to a violation of probation in Montgomery County is wholly without merit. Based on our review of the relevant authority, we agree with the trial court that, "[t]here is no requirement that [Appellant] had to be convicted and sentenced [on] the underlying conviction prior to revocation." Trial Ct. Op. at 13. Accordingly, this claim fails.

In his last issue, Appellant claims the trial court erred in finding him in violation of his probation because he filed an appeal from the Philadelphia County Municipal Court Judgment of Sentence.

In *Commonwealth v. Davis*, 336 A.2d 616 (Pa. Super. 1975), this court held that if a probationer is convicted of an offense within the Municipal Court's jurisdiction before a probation revocation hearing, "[e]ven though there is an automatic right to appeal and to obtain a trial *de novo* in

the Court of Common Pleas, [ ] a **Gagnon II** hearing may be held without awaiting the outcome of that trial." **Davis**, **supra** at 623.

Moreover, there is a difference between a trial on criminal charges and a probation revocation, and even if a defendant is later acquitted of the underlying criminal charges, "factual support of the earlier revocation of probation is not necessarily removed, and the revocation may still stand." **Commonwealth v. Tomczak**, 381 A.2d 140, 142 (Pa. Super. 1977).

Here, as a condition of Appellant's probation he was obligated to comply with all local, state, and federal criminal laws. The Commonwealth proved by a preponderance of the evidence at Appellant's **Gagnon II** hearing that Appellant violated the rules of his probation. Accordingly, pursuant to the holding in **Davis**, Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017