441 A.2d 744

**COMMONWEALTH of Pennsylvania**

v.

**Robert BURRELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 22, 1982.

Decided March 10, 1982.

368

Joseph L. DiTomo, Jr., Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Steven J. Cooperstein, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Robert Burrell appeals from an order of the Court of Common Pleas of Philadelphia revoking a sentence of ten years' probation and imposing a sentence of two to twenty years' imprisonment because of appellant's conviction for a firearms offense committed two months prior to the completion of his probation. Appellant alleges that the revocation of his probation was improper because the revocation hearing was not held within a reasonable time, the hearing judge was not impartial, and appellant was denied the right to cross-examine the investigator who prepared the pre-sentence report. Having determined that none of appellant's claims of error merits relief, we affirm.

On April 10, 1968, after pleading guilty to murder generally for his involvement in a robbery which resulted in the shooting-death of the victim, appellant was found guilty of

murder of the second degree and sentenced to ten years' probation. The term of probation was due to expire on April 10, 1978.

On February 1, 1978, more than two months prior to the scheduled expiration of his probation, appellant was arrested for unlawful possession of a firearm. He was found guilty by the Municipal Court of Philadelphia on June 27, 1978. On appeal to the Court of Common Pleas of Philadelphia, after a trial *de novo*, appellant was again found guilty on April 25, 1979.

The hearing on appellant's violation of probation was originally scheduled for July 25, 1978, one month after his municipal court conviction. However, at defense request, the hearing was continued because of appellant's pending appeal to the court of common pleas. The hearing was relisted on six subsequent occasions prior to the court of common pleas' adjudication, and on each occasion a continuance was granted at appellant's request. After appellant was found guilty of the underlying firearms offense by the court of common pleas, the probation hearing was scheduled for May 15, 1979, twenty days later. On that date appellant was served with written notice of the probation violation, and the hearing was continued for one week. When the hearing resumed, appellant requested and was granted a continuance. The hearing was ultimately held on June 18, 1979, less than two months after appellant had been found guilty by the court of common pleas and fourteen months after his probation would otherwise have expired.

■ Appellant claims that the holding of his probation revocation hearing after his sentence of probation had expired, constituted unreasonable delay in violation of Pa.R. Crim.P. 1409, which provides:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole . . . ."

See *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). Contrary to appellant's contention, it is not unreasonable for a probation revocation hearing to be postponed pending adjudication of criminal charges which are the basis for the revocation, even if that postponement results, as here, in a revocation hearing held after the expiration of the probationary sentence. See *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971).

Although it is constitutionally permissible for a probation revocation hearing to be held after arrest but before determination of a criminal charge, *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973), it has been recognized that "it may in many cases be preferable to defer that hearing until after the trial, thus avoiding the possibly unjust result of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." *Commonwealth v. Davis*, 234 Pa.Super. 31, 44, 336 A.2d 616, 623 (1975). Accord, ABA Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.3 (Approved Draft, 1970).[1]

Where, as here, a probation revocation hearing is deferred pending a determination of the underlying criminal charge, there is adequate protection of the probationer's right to a speedy hearing. The probationer must be afforded a speedy trial on the underlying offense, see Pa.R.Crim.P. 1100 and Pa.R.Crim.P. 6013, and the revocation hearing must be held with reasonable promptness following the determination. See *Commonwealth v. Darby*, 244 Pa.Super. 331, 386 A.2d 746 (1976); *Commonwealth v. White*, supra.

1. Indeed, appellant's request that the revocation hearing be postponed until after his trial *de novo* in the court of common pleas demonstrates that, at the time of the criminal proceedings, appellant himself perceived that it would be to his advantage to have the criminal charges decided prior to the probation revocation issue.

On this record there is no claim that appellant was denied his right to a speedy trial on the underlying firearms offense, or to a speedy probation revocation hearing after his conviction in the court of common pleas. Indeed, the revocation hearing was held within two months of that conviction and, absent appellant's request for a continuance, could possibly have been held even sooner.[2]

 Appellant's challenges to the manner in which the probation revocation hearing was conducted are equally unpersuasive. The hearing judge's imposition of a sentence of imprisonment rather than probation does not, as appellant contends, compel the conclusion that the judge was biased against him. The court's sentence, supported by a statement of reasons in accordance with *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), properly reflects the court's judgment that the earlier probationary order had not proven to be "an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." *Commonwealth v. Kates*, 452 Pa. 102, 115, 305 A.2d 701, 708 (1973) (footnote omitted). Moreover, in imposing a minimum sentence of two years' imprisonment and noting that appellant would receive credit for his time in custody, the court stated that it had considered "the devotion of [appellant's] family to him" and the fact that "the minimum would render [appellant] eligible shortly for prerelease."

 Nor has appellant demonstrated that the hearing judge was prejudiced against him as a consequence of hav-

---

**2.** Equally without merit is appellant's claim that his incarceration during the year before the probation revocation hearing is evidence of unreasonable delay in violation of Pa.R.Crim.P. 1409. Appellant was initially incarcerated on an unrelated homicide charge for which he was detained until December 8, 1978, when he was acquitted of that charge. From December 8, 1978, until the probation revocation hearing on June 18, 1979, appellant continued to be detained because of the probation violation now before this Court. During this period appellant repeatedly requested, as he had since July of 1978, that his probation revocation hearing be continued until after his trial *de novo* in the court of common pleas. Appellant has properly received credit for the time he spent in custody, see 42 Pa.C.S. § 9760, and cannot succeed on this incarceration claim.

ing presided at the trial during the preceding year at which appellant was acquitted by a jury on charges of homicide. The court's finding of a probation violation on the basis of a criminal conviction for an offense committed while on probation was required as a matter of law. See *Commonwealth v. Mallon*, 267 Pa.Super. 163, 406 A.2d 569 (1979). Moreover, the sentence imposed was eminently reasonable, reflecting a thorough consideration of appellant's character and record. See *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

■ Appellant's final claim, that he was denied the right to cross-examine the investigator who prepared his pre-sentence report, is without support on the record. Appellant's counsel was supplied with a copy of the report. See Pa.R. Crim.P. 1404(a)(2). Counsel did not request permission to cross-examine the investigator, but instead attacked the probative value of the report itself, arguing that the report was conclusory and contrary to a psychiatric report prepared by an independent lay investigator.

As appellant has established no basis for relief, the order revoking appellant's probation and imposing judgment of sentence is affirmed.

Order affirmed.