572 A.2d 683

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Melvin ROYSTER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 27, 1989.

Decided March 14, 1990.

Dissenting Opinion April 12, 1990.

334

Brian R. Williams, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Philadelphia, Helen Kane, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION

ZAPPALA, Justice.

This appeal raises two questions. The first is whether it is constitutional for Appellant to have his probation revoked and be sentenced to a term of imprisonment based on new charges that were ultimately dismissed. The second question is whether it is constitutional for a court to sentence Appellant to a term of imprisonment for a probation violation when the term of probation had expired. Both the Post Conviction Hearing Act (PCHA) court and Superior Court answered these questions in the affirmative. We granted review and now reverse.

On March 27, 1974, Appellant, Melvin Royster, was convicted of robbery, burglary and two firearms offenses following a bench trial before the Honorable Alex Bonavitacola of the Court of Common Pleas of Philadelphia County.

The same day, Appellant was sentenced to eleven and one-half to twenty-three months imprisonment for the robbery conviction and upon completion of that sentence to three concurrent terms of five years probation for the remaining counts.[1]

While serving his probationary sentence, Appellant was arrested on July 26, 1980 and charged with robbery, simple assault and attempted theft. A preliminary hearing was held on September 25, 1980 after which he was bound over for court on all the charges. The following month a probation detainer was filed against Appellant based on Judge Bonavitacola's original sentence.[2] The only basis noted in the Probation Department's hearing summary filed in support of the detainer was the pending disposition of robbery charges against Appellant. No technical violation of probation was cited.

On June 26, 1981, Appellant was convicted on all the new charges before the Honorable Herbert R. Cain, sitting with-

1. Appellant was given six months credit for the time served since his arrest on September 27, 1973. Expiration of parole was to occur on August 27, 1975. The probation term was scheduled to expire on August 27, 1980.

2. Appellant was paroled from his robbery sentence in September, 1974 after serving the minimum sentence. On April 29, 1975, Appellant was arrested and charged with aggravated robbery, theft, receiving stolen property, theft by unlawful taking and disposition, reckless endangerment, terroristic threats and criminal conspiracy. A probation department detainer was lodged but Judge Savitt dismissed the charges pursuant to Rule 1100 on December 23, 1975. Prior to the violation of probation hearing on his 1974 convictions, Appellant had a violation of probation hearing before Judge Richette who continued his probation on January 22, 1976 and a violation of parole hearing before Judge Gelfand on March 1, 1976 who continued parole. At the aforementioned probation hearing, Judge Bonavitacola, on March 12, 1976 continued Appellant's parole and probation.

Appellant was again arrested on July 8, 1976 and charged with theft by unlawful taking and disposition as well as receiving stolen property. On August 30, 1976, Appellant appeared before Judge Silverstein and was found guilty of receiving stolen property. He was sentenced to two years probation with a special condition that he remain in prison until accepted at Eagleville Hospital. Based on the conviction a violation of probation hearing was held before Judge Bonavitacola on November 22, 1976. Judge Bonavitacola continued Appellant's probation on his 1974 convictions. See N.T. 10-9-73; N.T. 3-12-76 and N.T. 11-12-76.

out a jury.[3] Appellant timely filed post-verdict motions which were deferred pending completion of a pre-sentence report.

Notwithstanding the deferral of a ruling on the post-verdict motions, a violation of probation hearing was held on September 9, 1981 before Judge Bonavitacola. Appellant's motion for a continuance based upon Judge Cain not having ruled on Appellant's post-trial motions, was denied. The sole Commonwealth witness, Appellant's probation officer, testified as to the procedural history of the case and that Appellant had been convicted on June 26, 1981 of new charges. N.T. 9–9–81 pp. 10–13. The trial court, assistant district attorney, and Appellant's counsel also discussed on the record that in 1976 Appellant had been found to be in violation of probation although his probation was continued. N.T. 9–9–81 pp. 19–20; see also Note 2, *supra*. Based on the evidence presented, Appellant was found to be in violation of probation and thus his probation was revoked. Judge Bonavitacola sentenced him to three concurrent terms of imprisonment of one to five years.

Eight months after the probation revocation hearing, Judge Cain granted Appellant's post-trial motion on double jeopardy grounds. Judge Cain then entered an order dated May 6, 1982 arresting judgment on Appellant's 1981 convictions. The Commonwealth took no appeal.

On September 19, 1985, Appellant filed a petition for relief under the Post Conviction Hearing Act, (PCHA) 42 Pa.C.S. § 9541 et seq.[4] Following an evidentiary hearing, the PCHA court denied Appellant's petition. Appeal was taken to Superior Court which affirmed the PCHA court's order. 549 A.2d 1343.

---

**3.** A prior bench trial on these charges before the Honorable Leon Katz ended when Appellant's motion for a mistrial was granted on March 28, 1981. When this matter was again scheduled for trial, Appellant filed a pre-trial motion to quash and/or dismiss on double jeopardy grounds. The Honorable William M. Marutani denied the motion on May 7, 1981. *See* Commonwealth's brief p. 3, n. 1.

**4.** The Post Conviction Hearing Act was amended by 1988, April 13, P.L. 336, No. 47, § 3 and replaced with the Post Conviction Relief Act.

Appellant's first contention is that it was unconstitutional for him to be found in violation of probation and sentenced to prison where the charges constituting the violation were ultimately dismissed.

Superior Court, relying on our decision in *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), and also citing to *Commonwealth v. Fleeger,* 292 Pa.Super. 310, 437 A.2d 60 (1981), concluded that a defendant may have his/her probation revoked based upon the existence of charges being brought, even though subsequently the person is acquitted of those charges. Although recognizing that Appellant's conviction on the new charges was dismissed, Superior Court found that the circumstances surrounding his arrest were discussed before the trial judge at the violation of probation hearing. The court, therefore, concluded that the trial judge was presented with ample evidence to establish that Appellant's term of probation was not effective in rehabilitating and deterring Appellant against further antisocial conduct. Additionally, Superior Court noted that Judge Cain's order arresting judgment on Appellant's 1981 convictions was based not on a finding that the evidence was insufficient to establish that Appellant committed the criminal acts charged, but solely upon double jeopardy grounds. Superior Court Memorandum Opinion pp. 2–4. This analysis is fatally flawed because it ignores our decision in *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983).

In *Brown,* the Commonwealth instituted proceedings for revocation of defendant's probation based on charges of which he had been acquitted. The trial court revoked defendant's probation and he appealed. Superior Court affirmed the trial court's order. After granting appeal and hearing argument, we held that the probation revocation court was barred by collateral estoppel from returning a finding of probation revocation based upon defendant's alleged participation in a crime where the probation revocation hearing was deferred until after trial of the criminal case which resulted in an acquittal.

Mr. Justice (now Chief Justice) Nix writing for the Court in *Brown,* rejected the Commonwealth's argument that we would be justified in ignoring applicability of the collateral estoppel rule even though both proceedings share the identical ultimate issue of fact since the purposes sought to be achieved in a revocation of probation hearing are different from those sought to be obtained in the trial of the substantive offense. It was reasoned that

In both proceedings the sanction of loss of liberty is involved. *Where, as here, the sole basis offered for the violation of probation is the commission of a subsequent offense, the threshold issue in both proceedings is exactly the same, i.e., did the probationer commit the offense.* Pertinent is an observation made in *United States ex rel Burgess v. Lindsey,* 395 F.Supp. 404, 410 (E.D.Pa.1975) discussing an analogous matter:

When the Board is called upon to deal with a parolee whose only alleged parole violation is the commission of a new crime, however, its role changes significantly. No longer is it the finder of fact. Indeed, at the first stage of the final revocation process, it is not a finder of fact at all. The crucial and "wholly retrospective factual question" that must be answered, *Morrissey v. Brewer, supra,* 408 U.S. [471] at 479, 92 S.Ct. 2593 [at 2599, 33 L.Ed.2d 484 (1972) ] is whether a parolee has in fact committed a new crime. The Board does not answer that question; the criminal justice system does....

\*    \*    \*    \*    \*    \*

Thus, the final parole revocation inquiry envisioned by the Court in Morrissey cannot properly begin until the Board learns whether or not the parolee has violated his parole. The Board does not learn that fact until the guilt or innocence of the parolee has been determined within the criminal justice system.

*Id.* 503 Pa. at 525–526, 469 A.2d at 1376 (emphasis added).

A review of the record reveals that Appellant's probation officer testified at the September 9, 1981 violation of proba-

tion hearing that Appellant was convicted on June 26, 1981 of attempted theft, simple assault and robbery. Based on the seriousness of the charges and the offenses committed she recommended that Appellant's probation be revoked. N.T. 9–9–81, pp. 11–12.

Notwithstanding this evidence, Superior Court found that the discussion before the judge as to the circumstances surrounding Appellant's arrest presented ample evidence to establish that Appellant's probation had proven to be an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct. *See Commonwealth v. Burrell,* 497 Pa. 367, 441 A.2d 744 (1980).[5] The discussion relating to Appellant's July 26, 1980 arrest which involved Assistant District Attorney McGill is as follows:

THE COURT: What are the facts?

MR. MC GILL: The man, a 57–year–old man is leaving a State Store and he is attacked from behind. He is injured, although no hospitalization is required. Apparently while he was walking away the defendant grabbed the man on the back of his neck and had thrown him down to the ground. And then he went for his money in his pocket. The area right where he had placed his money prior—

THE COURT: What we commonly call a mugging.

MR. MC GILL: That's right, Judge, a mugging.

THE COURT: Was he convicted of robbery, F–2?

N.T. 9–9–81, p. 15.

■ Contrary to Superior Court's characterization, Assistant District Attorney McGill's recitation of the facts underlying Appellant's 1981 convictions is not evidence since it is well settled that he cannot, as the Commonwealth's advocate at the proceedings, present his own testimony as to the facts. By electing not to present any direct evidence as to Appellant's specific criminal acts, the Com-

5. Superior Court also ignored the fact that the sole basis the Probation Department lodged the detainer was the pending disposition of the robbery charges.

monwealth took a calculated risk that his conviction would not be overturned in the post-trial motions.

■ We find, therefore, that the sole basis the Commonwealth offered for Appellant's violation of probation was the fact that he had been convicted on June 26, 1981 of new charges. Because the trial court arrested judgment on the conviction, the Commonwealth cannot be found to have established by a preponderance of the evidence that Appellant committed the offense. Revocation of probation and re-sentencing Appellant to a term of imprisonment was therefore improper.

■ Appellant's second issue concerns the constitutionality of the court's imposition of a sentence for violation of probation where the term of probation had expired at the time of the imposition of sentence. Because Appellant could have raised the issue on appeal from imposition of sentence, he has waived his right to raise it under the Post Conviction Hearing Act. See 42 Pa.C.S. § 9544(b).

For the foregoing reasons, the order of the Superior Court is reversed and the judgment of sentence of the Court of Common Pleas of Philadelphia County imposed as the result of the probation revocation hearing is vacated.

Jurisdiction Relinquished.

LARSEN and McDERMOTT, JJ., dissent.

McDERMOTT, Justice, dissenting:

I dissent. The majority mistakenly concludes that *Commonwealth v. Brown*, 503 Pa. 514, 469 A.2d 1371 (1983) controls the instant issue. In *Brown*, the appellant's probation was revoked even though he had been acquitted of the charges supporting the revocation. Here however, the appellant's probation was revoked following a finding that he was guilty of the charges supporting the revocation. That conviction was reversed not for insufficient evidence but on double jeopardy grounds. Therefore, I believe that the reversal of a conviction on legal grounds does not reach the ultimate factual issue as does an acquittal, and therefore,

this case is unlike *Brown* and considerations of collateral estoppel do not apply. Hence, to uphold the revocation of appellant's probation would not be unconstitutional.

Furthermore, the majority's decision will have negative practical effects for those arrested for crimes during their probation. In *Brown*, this Court recognized the familiar principle that the Commonwealth may choose to assert alleged criminal behavior as the basis to revoke probation prior to the criminal trial to adjudge that behavior. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). The *Brown* Court, however, encouraged the Commonwealth to defer probation revocation hearings until guilt was resolved at trial. Id. 503 Pa. at 525, 469 A.2d at 1376. The Commonwealth had an incentive to do this because a probation revocation hearing court is required as a matter of law to find a violation of probation where there has been a conviction for an offense committed while on probation. *Commonwealth v. Burrell*, 497 Pa. 367, 373, 441 A.2d 744, 746 (1982). The holding of this Court now imposes upon the Commonwealth the burden of awaiting the final disposition of all the probationer's appeals to take advantage of the *Burrell* rule which allowed it to avoid conducting two trials.

The Commonwealth will now do one of two things: either bring probation revocation hearings prior to the criminal trial based on the criminal activity itself and not the conviction, thereby eviscerating the protection to the probationer, or to simply present the evidence of the underlying criminal activity at the probation revocation hearing thereby forcing the Commonwealth to put on two trials.

LARSEN, J., joins this dissenting opinion.