# Commonwealth v. Shepler

C.P. of Jefferson County, Nos. CP-33-CR-496-2009; CP-33-CR-301-2010

FORADORA, *J.*, June 27, 2014—

Factual and Procedural History

The defendant, Shane Shepler ("Shepler"), was found guilty by an Indiana County jury on October 22, 2012 of committing the crimes of Retail Theft and Receiving Stolen Property. (*Gagnon I* Transcript, 01/30/2013, p. 2). Sentencing occurred on November 21, 2012. (*Id.*). This court subsequently took judicial notice of that conviction at a *Gagnon I* hearing, deeming it to be sufficient to establish that Shepler had violated his probation. (*Id.* at 2-3). Relative to that proceeding, the defendant had also been charged with failing to report on May 1, 2012. (*Id.* at 2). He explained that he had not received his probation officer's voicemail instructing him to report that day, (*id.* at 3), and the court did not issue a finding one way or the other on that technical violation. It then resentenced him to an aggregate term of 3 1/2 — 7 years in prison on account of the new charges. (*Gagnon II* Transcript, 02/19/2013, pp. 3-4).

Sometime after Shepler was resentenced by this court, the trial court in Indiana, in response to his PCRA petition, reversed his convictions, and by order dated November 4,

2013, the presiding judge granted the Commonwealth's "motion to nol pros" based on its declaration that "a nol pros should be entered in this case because the Commonwealth does not feel that a retrial is warranted." Def. Exh. A.

A month earlier, Shepler had filed a PCRA petition in this county alleging that his victim also should have been charged for the incidents that led to his original convictions. When he later became aware of the *nol pros*, he also asked this court to reconsider its probation sentence in light of that development. PCRA counsel later filed an amended petition raising the same issue and asking the court to either invalidate its February 19, 2013 sentence or grant the defendant a new sentencing hearing on account of the relevant developments in Indiana County.

The parties agree that this court's earlier judgment cannot stand since it relied on Shepler's conviction. They disagree, however, on available remedies, Shepler positing that the court may now only consider the technical violation for purposes of re-hearing, and the Commonwealth arguing that it may elect to prove the receiving and retail theft at a full evidentiary hearing. For the reasons to follow, the court concurs with the Commonwealth's position.

### Discussion

*Commonwealth v. Royster*, 572 A.2d 683 (Pa. 1990), the Commonwealth concedes, controls on the issue of whether Shepler's revocation is sustainable in light of what occurred in Indiana County. There, as here, the revocation court revoked the defendant's probation and re-sentenced him solely on the basis of his new conviction, the Commonwealth having elected not to present evidence of the underlying acts that led to the conviction. *Id.* at 684-86. Eight months later, the trial judge granted his post-sentence motion and arrested judgment on double

jeopardy grounds. *Id.* The defendant then challenged the constitutionality of the revocation, contending that it could not stand when its foundation had been undermined. *Id.* at 683-84. Our Supreme Court agreed, explaining that "[b]ecause the trial court arrested judgment on the conviction, the Commonwealth cannot be found to have established by a preponderance of the evidence that appellant committed the offense. Revocation of probation and re-sentencing appellant to a term of imprisonment was therefore improper." *Id.* at 686.

In this case, the essential facts are indistinguishable. While Shepler was in the process of appealing his Indiana County conviction, this court revoked his probation after finding him in violation as a result of the new conviction. The Commonwealth, however, had established only the fact of the conviction at the revocation hearing; it did not introduce any evidence to prove the underlying facts. When the trial court approved the Commonwealth's motion for *nol pros* after reversing the Indiana County conviction, therefore, Shepler found himself in the same legal position as the *Royster* defendant, i.e., with a probation revocation founded upon facts that no longer existed as a matter of law. As was the *Royster* defendant, therefore, Shepler is entitled to have the February 19, 2013 judgment of sentence vacated.

Because a judgment of *nol pros* is not the functional equivalent of an acquittal, however, *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983), does not preclude the Commonwealth from proving the retail theft and receiving at a new revocation hearing.

The court determined in *Brown* that it would violate the doctrine of collateral estoppel and would be "unseemly" and "fundamentally unfair" to permit the Commonwealth

to prove a "new crimes" probation violation based on the same facts that had resulted in an acquittal at trial. *Id.* at 1375-78. If the Commonwealth chose to defer violation proceedings until after the trial, it reasoned, the defendant should not be required to defend against the same factual allegations a second time when a judge or jury had already found him not guilty. *Id. Brown*, however, did not address the propriety of a subsequent violation hearing where the absence of a conviction arose from a judgment that did not entail a factual resolution.

Unlike the defendant in *Brown*, Shepler was not acquitted; neither jury nor judge listened to the facts and concluded that the Commonwealth had not proven him guilty beyond a reasonable doubt. On the contrary, a jury found just the opposite. After the trial judge reversed his conviction, however, the Commonwealth elected not to retry him. In taking that procedural step, the Commonwealth foreclosed the possibility of a renewed conviction. Far from mimicking an acquittal, though, that step also left the factual questions wholly unresolved.

*Brown*, therefore, is inapposite, its reasoning having no application where the facts underlying a probationer's new charges have not already been resolved in his favor. Accordingly, that Shepler's retail theft and receiving stolen property charges were resolved via *nol pros* rather than a judgment of acquittal means that he cannot rely on *Brown* to avoid a violation hearing at which the Commonwealth may attempt to prove one or both of those offenses as the basis for proving that he violated the conditions of his probation.

As for Shepler's *pro se* allegation, that someone else did not get charged relative to the same series of events that led to a defendant's conviction is not grounds for relief

under the Post Conviction Relief Act. *See* 42 Pa.C.S.A. § 9543 (articulating the eligibility requirements, including the available grounds, for PCRA relief).

Insofar as the only relief to which Shepler is entitled is to have his *Gagnon* sentence vacated, therefore, the court shall enter the order to follow.

## ORDER

And now, this 27th day of June, 2014, for the reasons articulated in the foregoing opinion, it is hereby ordered and decreed that the defendant's petition for post-conviction relief is granted in part. Accordingly, the judgment rendered by this court on February 19, 2013 is vacated. In all other respects, the defendant's petition is denied.

It is further ordered that the Commonwealth shall notify the court within thirty (30) days of whether it intends to present evidence of the "new charges" at a new evidentiary hearing.