J-S61039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD MONTGOMERY | : | |
| | : | |
| Appellant | : | No. 1768 EDA 2017 |

Appeal from the Judgment of Sentence May 2, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011092-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 21, 2019**

Leonard Montgomery appeals from the judgment of sentence entered after his probation was revoked for technical violations. While on probation, Montgomery was charged with committing new crimes. The court deferred a hearing on whether Montgomery had violated the terms of his probation until after the trial on the new charges. In the meantime, Montgomery's probationary sentence technically expired.[1]

---

[1] Montgomery was arrested on August 17, 2013, and was sentenced to time served to twelve months, plus six months' probation, on January 24, 2014. By our calculation, his probation was set to expire on February 17, 2015. Montgomery calculates the expiration date as February 18, 2015. The Commonwealth does not attempt to define an end date for Montgomery's probation; rather, as will be discussed more fully below, the Commonwealth contends Montgomery's probation was extended indefinitely pending the resolution of the new charges. Montgomery was arrested on the new charges on December 19, 2014.

The trial court entered a detainer, holding Montgomery in prison until the violation hearing. Furthermore, it is apparent Montgomery was imprisoned while awaiting trial on the new charges. Nearly two years after he was arrested on the new charges, in November of 2016, the court reduced Montgomery's bail requirement to $300, unsecured. The court subsequently lifted the violation detainer, and on November 30, 2016, he was released from prison.

Approximately two weeks later, Montgomery was tested for drugs by the probation department. He tested positive for cocaine. Montgomery was tested at least three more times,[2] with at least two positive results. Due to these results, on March 31, 2017, the court filed a new violation detainer and Montgomery was again imprisoned.

Ultimately, Montgomery was acquitted on the new criminal charges. However, the court revoked his probation due to his failed drug tests and sentenced him to an additional eighteen months of probation.

On appeal, Montgomery argues the court did not have jurisdiction to revoke his probation for conduct that occurred after his sentence of probation had expired. This is a question of law, and our review is plenary. **See**

_____

[2] Montgomery asserts he was tested for drugs a total of four times, with three positive results. **See** Appellant's Brief, at 5. In contrast, the Commonwealth asserts Montgomery tested positive for cocaine five times. **See** Appellee's Brief, at 3. Our review of the certified record reveals an allegation that Montgomery was tested a total of six times, with five positive results. **See** Gagnon II Summary, 7/3/17, at 2. In any event, there is no evidence of a positive result prior to December 13, 2016.

*Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005). As a preliminary matter, we must resolve the issue of when Montgomery's probation ended, absent any implied extensions.

As noted previously, Montgomery asserts the end of the original probation sentence was February 18, 2015. Accounting for any minor adjustments that may not be apparent in the record before us, this comports with our own calculation of February 17, 2015. The Commonwealth has not offered any objection to Montgomery's calculation, and we therefore will proceed using February 18, 2015 as the original end date for Montgomery's probation.

Additionally, Montgomery is to receive credit for his time in prison on the detainer. *See Commonwealth v. Smith*, 853 A.2d 1020, 1026 (Pa. Super. 2004). Even when a defendant is in prison due to both a detainer and for failing to make bail on new charges, he must receive credit against one of his sentences. *See Smith*; *see also Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003). As Montgomery was acquitted on the new charges, there is no other sentence to be credited, and the credit must be applied to his sentence on the 2013 charges. *See id*. Therefore, Montgomery is entitled to at least 23 months' credit against his sentence, which, at the time of his arrest, only had just under two months remaining.

It is beyond cavil that probation cannot be revoked for conduct that occurred after the sentence is complete. **See Commonwealth v. Wright**, 116 A.3d 133, 138 (Pa. Super. 2015) ("Since Appellant's probation was over as of May 2, 2011, a conviction occurring in 2013 cannot serve as a basis for revoking that probation"). The Commonwealth does not contend, and in any event the record does not support, that Montgomery's probation sentence was explicitly extended by the court. Rather, the Commonwealth argues Montgomery's probation was implicitly extended when his violation hearing on the new charges was continued. As a result, the Commonwealth asserts Montgomery's positive drug tests in 2017 are an appropriate basis for revoking his probation.

Undoubtedly, the court was empowered to hold a violation hearing once Montgomery was charged with new crimes in December of 2014. A court may revoke a defendant's probation if it finds the defendant has violated the conditions associated with the sentence. **See** 42 Pa.C.S.A. § 9771(a). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Infante**, 888 A.2d at 791.

An implicit condition of probation is that the probationer will refrain from committing new crimes. **See id.**, at 790. If the court finds the probationer has committed a new crime, it may revoke probation and impose a sentence

- 4 -

of imprisonment. **See** 42 Pa.C.S.A. § 9771(c). In doing so, the court need not find that the probationer committed the crime beyond a reasonable doubt. **See Commonwealth v. Ortega**, 995 A.2d 879, 886 (Pa. Super. 2010). Rather, the court need only find, by a preponderance of the evidence, that probation has failed its rehabilitative and deterrence aims. **See id**.

Recognizing the possible injustice that would arise should a court revoke probation because of new charges only to have the probationer ultimately acquitted on those same charges, the law permits courts to defer the violation hearing until after the disposition of the new criminal charges. **See Commonwealth v. Burrell**, 441 A.2d 744, 746 (Pa. 1982). If the violation hearing is deferred, the Commonwealth is bound by the result of any trial on the new criminal charges. **See Infante**, 888 A.2d at 792. Therefore, if the probationer is acquitted on the new charges, probation may no longer be revoked based on the new charges. **See id**.

This forms the basis of the Commonwealth's argument that Montgomery's sentence was implicitly extended: Since the court granted him the benefit of continuing his violation hearing until after the trial on his new charges, his sentence automatically extended until his violation hearing ended. It is true that a violation hearing can be held after the expiration of the probation sentence. **See Wright**, 116 A.3d at 137. However, the hearing

must be held as speedily as possible and probation may only be revoked for conduct occurring during the sentence. *See id*., at 137-138.[3]

Reviewing the law, we can find no authority for an implicit extension of a sentence. The court may, at any time, terminate a sentence of probation, reduce its term, or modify the conditions upon which it has been imposed. *See* 42 Pa.C.S.A. § 9771(a), (d). However, the court cannot revoke probation or increase the conditions of sentence without first holding a hearing. *See id*., at (d). As no hearing was held before the termination of Montgomery's probation sentence, the court had no legal ability to revoke or increase the term of his sentence.

*Commonwealth v. Ortega*, 995 A.2d 879 (Pa. Super. 2010) is not to the contrary. In *Ortega*, this court recognized that a probationer who absconds from supervision does not receive credit against his sentence for the time he is delinquent in complying with the condition of continued supervision. *See id*., at 885. Here, there is no assertion that Montgomery absconded from supervision during the explicit term of his probation sentence. Nor is there any assertion he otherwise violated the conditions of his probation during the explicit term of his sentence. Indeed, as noted above, he is legally due credit of at least 23 months against the remaining two months of his sentence.

---

[3] Montgomery's speedy hearing rights are not at issue in this appeal.

As a result, the court could not revoke Montgomery's expired probation on the basis of the positive drug tests in 2016 and 2017. We therefore reverse the judgment of sentence.[4]

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19

---

[4] We note that even if the court had jurisdiction to revoke Montgomery's probation, Montgomery's remaining credit of at least 21 months exceeds the 18-month sentence of probation imposed.