J-A12032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JOE, JR. | : | |
| | : | |
| Appellant | : | No. 649 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2019,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0014033-2016.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: FILED AUGUST 11, 2020

Daniel Joe, Jr., appeals the judgment of sentence imposed following revocation of his probation. Upon review, we vacate Joe's revocation sentence.

On May 9, 2017, Joe pled guilty to possession of firearm or other weapon in court facility.[1] The court sentenced him to one year of probation, and imposed costs against him. On February 14, 2018, while serving that sentence of probation, Joe was charged with persons not to possess a firearm.[2] This new charge arose when parole officers searched a house where Joe and his girlfriend rented a room, and found a gun and ammunition under

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 913(a)(1).

[2] 18 Pa.C.S.A. § 6105(a)(1).

the mattress in their room. The Commonwealth charged Joe with a violation of probation for "failure to be of good behavior and comply with laws" and for failure to pay his costs/restitution. A detainer was issued.

On March 27, 2019, the Commonwealth nolle prossed the new charge of persons not to possess firearms filed against Joe.[3] Later, that same day, Joe appeared before the VOP court. At the outset of the proceeding, the VOP court acknowledged that Joe's new charge had been nolle prossed. No evidence or testimony was presented. Nonetheless, the VOP court found that Joe violated his sentence of probation. The VOP court revoked Joe's probation and resentenced him to a new, one (1) year period of probation.

Joe filed a post-sentence motion, which the VOP court denied. Joe filed this timely appeal. Both the VOP court and Joe complied with Pennsylvania Rule of Appellate Procedure 1925.

Joe raises the following two issues on appeal:

I. Where the [VOP court's] only basis for revoking Mr. Joe's probation was the [new] criminal case lodged against him [for possession of fire arm prohibited] at CC 2018-12765, and [that charge was] nolle prossed prior to the revocation hearing, was the evidence sufficient to support the [VOP court's] finding of a probation violation?

II. Did the [VOP court] abuse its sentencing discretion in sentencing [] Joe to a one-year term of probation without any evidence of a violation of the terms of his probation upon which to base such a sentence. . . . and contrary to the Sentencing Code and fundamental norms underlying the sentencing process where no consideration of the sentencing factors under 42 Pa.C.S.[A.] §

_____

[3] The record does not reflect why Joe's charge was nolle prossed, but Joe's brief suggests that the search was illegal. See Joe's Brief at 29.

9721 (Sentencing Generally) occurred on the record and insufficient reasons to support this sentence appear on the record?

Joe's Brief at 5.

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." Commonwealth v. Perreault, 930 A.2d 553, 557 (Pa. Super. 2007), appeal denied, 945 A.2d 169 (2008) (citation omitted); 42 Pa.C.S.A. § 9771(b). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." Commonwealth v. Smith, 669 A.2d 1008, 1011 (Pa. 1996).

In his first issue, Joe argues that there was insufficient evidence for the VOP court to find that he violated his probation. Joe's new charge of persons not possess firearms, which served as the sole basis for his violation, was nolle prossed. No evidence was presented at the VOP hearing to demonstrate that Joe committed a new crime or violated a condition of his probation. Joe claims the VOP court's reliance on the statement of facts in his pre-trial motion, explaining the circumstances underlying Joe's nolle prossed charge, was improper. As a result, only the fact of Joe's arrest remained, which by itself, was insufficient to find a probation violation. Consequently, Joe maintains, his VOP sentence should be vacated. See Joe's Brief at 22. While the

Commonwealth does not specifically concede this, it does not dispute it. See Commonwealth's Brief at 10, 12-13.

The VOP court believed that there was sufficient evidence on the record to support its finding that Joe committed a new crime. Therefore, Joe's probation violation sentence should stand. Trial Court Opinion, 8/27/19, at 9. We disagree.

Initially, a VOP court must determine whether the probationer has violated his probation. A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation; or 2) committed a new crime. 42 Pa.C.S.A. § 9771; Commonwealth v. Foster, 214 A.3d 1240, 1243 (Pa. 2019). These are the only grounds on which a court can find that a defendant violated his or her probation. Id. "[T]he VOP court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." Id. Sufficient evidence of probative value must be presented to demonstrate that a violation of probation occurred. Commonwealth v. Allhouse, 969 A.2d 1236, 1240 (Pa. Super. 2009). "Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." Foster, 214 A.3d at 1243. Id. "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of

probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." Id. at 1251.

To determine the validity of Joe's VOP sentence, we consider the reason the court found him in violation of his probation and whether that finding was supported by sufficient evidence. Joe's charge of probation violation alleged that he failed to "be of good behavior and comply with laws" and pay restitution/costs. In reaching its decision that Joe violated his probation, the VOP court did not find a technical violation for Joe's failure to pay restitution/costs, but only found that he committed a new crime. At the VOP proceeding, the court stated:

> You didn't make it for my one year. And given what that charge is and what the allegation was, I'm going to revoke that period of probation and give you a new one year period of probation.
>
> So you can show me that you can actually walk off that one year period of probation without getting yourself chained up again. Okay?
>
> * * *
>
> [Y]ou get another one year because of the nature of the allegations of the new case and with the older one. So stop playing with guns.

N.T., 3/27/19, at 5-7. In its 1925 opinion, the VOP court further explained:

> Given the similarity between [Joe's] violation conduct and the original crime, in that they both involved his unlawful possession of a firearm, the court did not abuse its discretion in resentencing [Joe] to another period of probation because he committed a new crime and probation had been proven to be ineffective and insufficient to deter against future antisocial conduct.

Trial Court Opinion, 8/27/19, at 8-9.

As discussed above, generally, the commission of a new crime may form the basis for finding that an individual violated probation. However, there must be sufficient evidence to support that finding. Our review of the record reveals that there was insufficient evidence to find that Joe violated his probation based upon the commission of a new crime.

Joe's charge of persons not to possess firearms was nolle prossed. Because he was not convicted of a new crime, the court could not find Joe violated probation on that basis. We note that a defendant may have new charges nolle prossed and still have his probation revoked based upon the underlying conduct of those charges. Indeed, when a charge is nolle prossed, the Commonwealth is not prevented from pursuing a violation of probation if evidence is presented to demonstrate that a crime occurred.[4] See Commonwealth v. Banks, 198 A.3d 391, 403 (Pa. Super. 2018) (emphasis added). Under such circumstances, the Commonwealth must introduce evidence of the arrest, the charges filed, evidence of the conduct underlying the arrest and any physical evidence. Id. Here, however, the Commonwealth presented no evidence at all at the VOP proceeding. Additionally, the Commonwealth did not assert that Joe committed any other technical violations. Thus, the only evidence before the VOP court was that Joe was arrested. We have long held that an arrest alone, without facts to support the

---

[4] We note that this circumstance is distinguishable from the situation where a probationer is acquitted of a crime or his/her judgment of sentence is arrested. See Commonwealth v. Giliam, 2020 WL 2895051, --- A.3d --- (Pa. Super. 2020); Commonwealth v. Royster, 572 A.2d 683 (Pa. 1990).

arrest, is not sufficient to revoke probation. Commonwealth v. Sims, 770 A.2d 346, 352 (Pa. Super. 2001); see also, Commonwealth v. Warren, 378 A.2d 1271 (Pa. Super. 1977) (mere arrest does not constitute violation of probation).

Nonetheless, the VOP court reasoned that the clear and unequivocal factual statements set forth in Joe's pretrial motion filed in the nolle prossed case constituted judicial admissions by Joe. The court believed those admissions were sufficient for it to find that Joe constructively possessed the gun and ammunition, and violated his probation.[5] Trial Court Opinion, 9/27/19, at 5-7. We conclude this was error for two reasons.

_____

[5] The VOP court summarized those facts as follows:

> (i) [Joe] and his girlfriend were discovered on the third floor of a residence by parole agents during their search of a parolee's residence; (ii) the location where [Joe] was found was 'an open area with a room, a closet, and a bedroom in the left side of the room;' (iii) there was only one bed located on the third floor; (iv) [Joe's] girlfriend told officers that she and [Joe] 'had rented the third-floor space from her sister since December of 2018 and that only her and [Joe] go into the third-floor space;' (v) after encountering the Defendant on the third floor, he was told by the parole agents to go downstairs while they completed their search of the residence; (vi) [Joe] left the residence instead of remaining downstairs; (vii) indicia of residence was found for [Joe] at the house; (viii) agents located a silver .22 revolver and a bag of .22 ammunition when they lifted up the box spring and mattress of the third-floor bed; (ix) [Joe] claimed a reasonable expectation of privacy in the third-floor residence; and (x) the living area on the third floor was removed from the rest of the home.

Trial Court Opinion, 9/27/19, at 5-6 (citations omitted).

First, these statements did not constitute judicial admissions. A judicial admission is:

> an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission. It has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted, so that the opposing party need offer no evidence to prove it and the party by whom the statement was made is not allowed to disprove it. A principal element of a judicial admission is that the fact has been admitted for the advantage of the admitting party, and consequently, a judicial admission cannot be subsequently contradicted by the party that made it.

Nasim v. Shamrock Welding Supply Co., 563 A.2d 1266, 1267 (Pa. Super. 1989) (citations omitted). Here, there was no indication that Joe expressly admitted these facts as true and did not intend to dispute them. Although the statements which the VOP court relied upon were part of Joe's "statement of facts" in his motion, Joe merely restated the allegations against him from the preliminary hearing in his nolle prossed case. More significantly, it is not evident that Joe admitted these "facts" for his own benefit. Thus, we conclude that the trial court erred in treating these "facts" as judicial admissions.

Second, even if the "facts" stated in Joe's pretrial motion constituted judicial admissions, these facts were never made part of record in the VOP case. At the VOP proceeding, the pretrial motion Joe filed in the nolle prossed case was not entered into the record. Moreover, although the VOP court explained that it relied upon that motion and the facts contained therein, the VOP court did not indicate this or recite any of those facts at the VOP proceeding. As Joe noted, the VOP court did not disclose its rationale for

revoking Joe's probation until it issued its Rule 1925(a) opinion. "[A] court may not support an adjudication of guilt with evidence not part of the trial record." Commonwealth. v. McNeal, 120 A.3d 313, 328 (Pa. Super. 2015). Accordingly, we find that the trial court erred in considering the motion Joe filed in his nolle prossed case as evidence in his VOP case.

In short, there was no evidence to support the VOP court's finding that Joe violated his probation. Consequently, the revocation of Joe's probation and the resentencing were improper. We, therefore, must vacate Joe's judgment of sentence in the VOP matter, and remand for the VOP court to recalculate Joe's credit for the time served under his original sentence.

Judgment of sentence vacated and case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020