J-S12008-21

2021 PA Super 140

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN STANLEY :
:
Appellant : No. 418 EDA 2020

Appeal from the Judgment of Sentence Entered January 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001725-2011

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:                              Filed: July 8, 2021

Justin Stanley appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his revocation of probation and resentencing.  After careful review, we conclude that because Stanley was convicted under an unconstitutional statute, there was no valid statute under which he could be resentenced.  Therefore, Stanley is entitled to reversal and discharge from his conviction.  Consequently, we reverse his conviction and vacate his judgment of sentence.

Stanley pled guilty to one count of sexual assault[1] on June 9, 2005.  As a result of the conviction, the parties agree that Stanley was subject to

_____

[1] We are not able to discern from the certified record, specifically, to which crime Stanley pled guilty; but, the parties agree that he, in fact, did so.

reporting requirements under Megan's Law.[2]  On January 17, 2011, Stanley was arrested and charged, at the instant under docket number 0001725-2011, with failure to comply with sex offender registration requirements, pursuant to 18 Pa.C.S.A. § 4915.  On December 15, 2011, Stanley pled guilty and the court sentenced him to a term of incarceration of 1½ to 3 years, followed by four years of reporting probation.

On December 3, 2015, Stanley was again arrested for his failure to comply with the sex offender registration requirements, this time pursuant to section 4915.1, and was charged under docket number 0002316-2016.  On

---

[2] Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000, in response to Megan's Law I being ruled unconstitutional by our Supreme Court in **Commonwealth v. Williams**, 733 A.2d 593 (Pa. 1999).  Our Supreme Court held that some portions of Megan's Law II were unconstitutional in **Commonwealth v. Gomer Williams**, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004.  The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945, and the Pennsylvania General Assembly responded by passing the Sexual Offender Registration and Notification Act (SORNA) on December 20, 2011, with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006."  42 Pa.C.S.A. § 9799.10(1). SORNA went into effect a year later on December 20, 2012.  Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. **Commonwealth v. Neiman**, 84 A.3d 603, 616 (Pa. 2013).  However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

April 4, 2016, the court sentenced Stanley on each docket,[3] to concurrent terms of 2-5 years' incarceration, followed by 3 years' probation.

On July 19, 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), holding that retroactive application of sex offender registration requirements violates the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions.[4] *Id.* at 1193. On April 18, 2018, a three-judge Post Conviction Relief Act (PCRA)[5] panel, which heard all *Muniz*-affected PCRA cases in Philadelphia County, vacated Stanley's conviction under docket number 0002316-2016. Stanley continued to serve the concurrent sentence on the instant docket, number 0001725-2011.

On October 15, 2018, Stanley filed a *pro se* PCRA petition under the instant docket; the court subsequently appointed counsel. Counsel filed an

---

[3] Under docket number 0002316-2016, the court sentenced Stanley for his direct violation of the reporting requirements, whereas, under docket number 0001725-2011, the court sentenced Stanley for his violation of probation.

[4] The political branches have since responded to *Muniz* by amending SORNA, 42 Pa.C.S.A. §§ 9799.10, *et seq*. To address ex post facto concerns, the amendment separates the provisions into distinct subchapters—Subchapter H, for offenders whose underlying conduct occurred on or after December 20, 2012, SORNA's effective date, and Subchapter I, for offenders required to register under former versions of Megan's Law. *See* 42 Pa.C.S.A. §§ 9799.11(c), 9799.52. On July 21, 2020, in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), our Supreme Court held that Subchapter I, applicable here, is nonpunitive and does not violate the constitutional prohibition against ex post facto laws. *Id.* at 626-27.

[5] *See* 42 Pa.C.S.A. §§ 9541-9546.

amended petition[6] on August 12, 2019. On October 29, 2019, the court—by agreement of counsel—vacated the violation of probation sentence and continued the matter for resentencing. On January 15, 2020, the court resentenced Stanley to one year of probation for his probation violation.[7]

On January 23, 2020, Stanley filed a notice of appeal. On January 31, 2020, the court ordered Stanley to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Both Stanley and the court subsequently complied with Rule 1925.

On appeal,[8] Stanley presents the following issue for our review: "Whether [Stanley] received an illegal sentence?" Appellant's Brief, at 7.

Specifically, Stanley claims that, because his conviction under section 4915.1 was vacated by the PCRA panel hearing ***Muniz***-affected cases,[9] all

---

[6] Stanley's PCRA petition, and his appellate brief, ***see*** Appellant's Brief, at 11, allege that he was convicted under section 4915.1, rather than section 4915. Section 4915.1 did not exist at the time Stanley committed the offense that is the subject of this appeal/that PCRA petition. Instead, Stanley was charged under the instant docket pursuant to section 4915.

[7] Stanley completed his sentence on January 15, 2021, prior to this panel assuming jurisdiction over this case.

[8] The Commonwealth agrees with Stanley that his sentence is illegal, but it reaches that conclusion under a different legal theory. We agree with the Commonwealth's analysis, and, therefore, set that reasoning forth in greater detail herein.

[9] Again, we note that the instant appeal is from docket number 0001725-2011, which charged Stanley pursuant to section 4915. ***See supra*** at n.6. Our Supreme Court's decision in ***Muniz*** had no effect on this case; rather, it was the decision in ***Neiman*** that invalidated Stanley's underlying conviction. ***See supra*** at n.2.

further punishment stemming from that crime is unconstitutional, including sentencing on any violations of probation. *Id.* at 13. Stanley relies on our Supreme Court's decision in *Commonwealth v. Royster*, 572 A.2d 683 (Pa. 1990), and our decision in *Commonwealth v. Wright*, 116 A.3d 133 (Pa. Super. 2015), in support of the proposition that reversal is required where a revocation sentence is based on charges that were ultimately dismissed. *See* Appellant's Brief, at 13.

The trial court relied on this Court's decision in *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000), for the proposition that "absconding from probation amounts to a technical violation of the probation sentence[; b]ecause [Stanley] was in technical violation, the revocation of probation was legally sound." Trial Court Opinion, 8/19/20, at 3 (internal citation omitted).

Our standard of review for a challenge to the legality of the sentence imposed is well-settled:

> [A] challenge to the legality of a sentence raises a question of law. *Commonwealth v. Smith*, [] 956 A.2d 1029, 1033 (Pa. Super. 2008) (en banc). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, [] 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated." *Commonwealth v. Ramos*, [] 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted).

*Commonwealth v. Yahya Asaad Muhammed*, 219 A.3d 1207, 1211 (Pa. Super. 2019) (brackets omitted). Additionally, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014).

- 5 -

"[A]n offense created by an unconstitutional law is not a crime and a conviction under it is illegal and void and cannot be a legal cause of imprisonment." *Commonwealth v. Derhammer*, 173 A.3d 723, 728 (Pa. 2017) (quoting *Ex Parte Siebold*, 100 U.S. 371, 376-77 (1879)) (quotation marks, brackets, and ellipses omitted). "[A] statute which is stricken for constitutional infirmity must be regarded as void *ab initio*[10] and treated as if

---

[10] The *McIntyre* Court explained the origin of the void *ab initio* doctrine as follows:

[T]he void *ab initio* doctrine is rooted in a judicial imperative to protect individual constitutional rights, such as the right of due process, against transgression by coordinate branches of government:

Under this theory, a statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment. The origin of this doctrine may lie in the early case of *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), in which Chief Justice Marshall wrote that "a law repugnant to the constitution is void."

Oliver P. Field, the most noted scholar on this issue has suggested that the void *ab initio* theory is premised on the historical American concern over excessive authority asserted by a tyrannical executive or legislative branch in violation of the rights of individuals protected by the Constitution. Field explains that[,] whereas the Constitution prohibits the legislature and executive from overstepping their limits, the courts came to regard themselves as the ultimate guardians of individual rights. Any act that invaded these rights was to be judged unconstitutional and treated as though it never existed.

*Commonwealth v. McIntyre*, 232 A.3d 609, 618 (Pa. 2020) (some citations and brackets omitted).

it never existed." ***Commonwealth v. McIntyre***, 232 A.3d 609, 613 (Pa. 2020) (citing ***Glen-Gery Corp. v. Zoning Hearing Bd.***, 907 A.2d 1033, 1037 (Pa. 2006)). Additionally, as noted in footnote 2, ***supra***, our Supreme Court has previously declared section 4915 unconstitutional and void. ***Commonwealth v. Neiman***, 84 A.3d 603, 615-16 (Pa. 2013).

Here, Stanley was convicted under section 4915, the version of Megan's Law that was enacted in 2004 (Megan's Law III), and which expired in 2012. Because Stanley's conviction under section 4915 was declared void *ab initio*, ***see Neiman***, ***supra***, any violation of probation resulting from his conviction for that offense cannot be a legal cause of imprisonment, since section 4915 must be treated as if it never existed. ***See Derhammer***, ***supra***; ***McIntyre***, ***supra***. Therefore, any violation of probation predicated on the void statute— or resentencing in connection therewith—was also void, since, in effect, that statute never existed. ***Id.*** ***See also Commonwealth v. Melius***, 100 A.3d 682, 686 (Pa. Super. 2014) (citing 42 Pa.C.S.A. § 9771) ("Upon revocation of probation a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing."); ***United States v. Soto-Olivas***, 44 F.3d 788, 791 (9th Cir. 1995) ("[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation, whether the analysis involves the Ex Post Facto Clause or the Double Jeopardy Clause.").

Additionally, we find that the trial court's reliance on our decision in ***Sierra*** is misplaced. In ***Sierra***, the appellant was lawfully sentenced to

probation for committing a crime—simple assault—that was never invalidated prior to the defendant's probation revocation. **See Sierra**, **supra** at 912. The Court in **Sierra** held that, although the defendant's violation of probation was not assaultive or independently criminal, a technical violation of her probation was sufficient to trigger revocation. **Id.** Here, **Sierra** is inapplicable to Stanley's case since Stanley's underlying conviction was, in fact, declared unconstitutional prior to his resentencing for his violation of probation. Because no underlying or original crime existed to form the basis for Stanley's technical probation violation, the court possessed no sentencing alternatives at the time of "resentencing." **See Melius**, **supra**.

Judgment of sentenced vacated. Conviction reversed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/21