J-S05002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRE JAMES BEY | : | |
| | : | |
| Appellant | : | No. 3569 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003569-2013

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 14, 2021**

Tyre James Bey appeals from the November 19, 2018 judgment of sentence of nineteen months to five years of imprisonment, which the trial court imposed after revoking his probation.  We affirm.

The trial court succinctly summarized the facts and procedural history as follows:

> On August 19, 2013, Appellant entered a negotiated guilty plea to criminal trespass, a felony of the second degree, and this court sentenced Appellant to four years' probation pursuant to the recommendation of the Commonwealth.  The conditions of Appellant's probation were that he have no contact with the victim and that he pay $2,487 in court costs.  We ordered that the case could close after two years if costs were paid in full and Appellant did not otherwise violate the terms of his probation.  [The matter was transferred to Delaware County for supervision].  The Sharon Hill Borough Police Department subsequently charged Appellant with [attempted murder and related offenses] for crimes committed in Delaware County on September 8, 2016.  [The probation case was returned from Delaware County on September 12, 2016.]  Appellant was arrested on the new charges on

September 16, 2016, and bail was set. On that same day, Appellant paid off his court costs in his Bucks County case and the Bucks County Clerk of Courts entered a Praecipe to Satisfy Judgment in that matter.

Trial Court Opinion,1/29/19, at 1-2 (footnotes, citations, and unnecessary capitalization omitted).

On November 17, 2016, the Bucks County Department of Adult Probation and Parole lodged a detainer against Appellant based on the new crimes committed in Delaware County on September 8, 2016. Significantly, he committed those offenses approximately one-week before he paid the remaining court costs in Bucks County in satisfaction of the terms of his probation. The violation hearing was initially scheduled for August 10, 2017, but it was continued pending the disposition of the new charges in Delaware County.

On April 13, 2018, a Delaware County jury convicted Appellant of attempted murder, aggravated assault, simple assault, and terroristic threats in conjunction with the September 8, 2016 episode. The Delaware County court imposed eleven to twenty-three years of imprisonment on June 4, 2018.

Five months after Appellant was convicted in Delaware County, and three months after the imposition of sentence, Appellant appeared before the Bucks County trial court for his probation violation hearing. Appellant denied that he received any notice of the violation proceedings until one week before the hearing and objected to the hearing as untimely. The Commonwealth presented evidence establishing the September 8, 2016 arrest in Delaware

County and the ensuing conviction in April 2018 as the grounds to find Appellant in violation of the terms of his probation.

Appellant asserted that he had submitted his final online payment of the court costs before the criminal episode that triggered his violation, and his counsel suggested that Appellant had been prejudiced generally by the delayed notice of the violation hearing. Interpreting these assertions as a motion to dismiss the violation, the trial court granted Appellant ten days to submit a legal memorandum to assert "a legal basis to challenge [the] finding [of a] violation." N.T., 9/13/18, at 22, 23. After reviewing Appellant's letter brief alleging procedural defects in the notice of the violation and timeliness of the hearing, the trial court found Appellant in direct violation of his probation and revoked it. On November 19, 2018, the trial court imposed two-and-one-half to five years of incarceration to run consecutive to the eleven-to-twenty-three-year term of imprisonment imposed on the attempted murder in Delaware County.

Appellant filed a timely motion for reconsideration asserting, *inter alia*, defective notice and an untimely violation hearing, and requesting sentencing leniency. The trial court did not address the motion before Appellant filed a timely notice of appeal within thirty days of the imposition of the judgment of

sentence following revocation.[1]  Appellant complied with Pa.R.A.P. 1925(b),

and the trial court issued an opinion addressing the issues raised in the concise

statement.

Appellant presents two questions on appeal:

A. Did the court violate [Pa.Crim.P. 708]; 37 Pa. Code 71.12 et
seq.; and the United States and enhanced Pennsylvania due
process protections in denying appellant's motion to dismiss as
untimely a violation filed eleven months after the violating arrest,
thirteen months after his maximum, two years after the alleged
violation, where appellant never received notice and appellant was
prejudiced, lost evidence and lost time served credit?

B. Did the court abuse its discretion when it sentenced appellant
to nineteen months to five years, consecutive to an eleven year
to twenty-three year sentence, without credit for time served,
without stating adequate reasons on the record for sentencing
outside the standard range of the sentencing guidelines?

Appellant's brief at 4 (unnecessary capitalization omitted).

Our standard of review is well settled,

In an appeal from a sentence imposed after the court has revoked
probation, we can review the validity of the revocation
proceedings, the legality of the sentence imposed following
revocation, and any challenge to the discretionary aspects of the
sentence imposed.  Further, revocation of a probation sentence is
a matter committed to the sound discretion of the trial court and
that court's decision will not be disturbed on appeal in the absence
of an error of law or an abuse of discretion.

_____

[1]  Pursuant to Pa.R.Crim.P. 708(D), Appellant's motion to reconsider did not
toll the thirty-day period to file an appeal from the sentence imposed following
revocation. ***See Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa.Super.
2003) ("An appellant whose revocation of probation sentence has been
imposed after a revocation proceeding has 30 days to appeal her sentence
from the day her sentence is entered, regardless of whether or not she files a
post-sentence motion.").

***Commonwealth v. Shires***, 240 A.3d 974, 977 (Pa.Super. 2020) (cleaned up) (citations and quotation marks omitted).

Appellant's issues implicate the validity of the revocation proceedings and the discretionary aspects of the sentence imposed, respectively. At the outset, we observe that Appellant's assertion that the trial court failed to state adequate reasons on the record for sentencing outside the standard range of the sentencing guidelines is waived because he failed to assert the claim in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). Likewise, Appellant's post-sentence motion did not assail the "overall sentencing scheme" as excessive or unreasonable. Instead, he requested leniency under the circumstances, *i.e.*, no further penalty, reduced sentence, or imposed concurrent with the attempted murder conviction, and he sought assurances that, if the Delaware convictions were overturned or the sentence reduced, then the revocation sentence would be adjusted accordingly. ***See*** Post-Sentence Motion, 11/21/18, at unnumbered 2-4. As Appellant never argued before the trial court that the judgment of sentence was excessive or manifestly unreasonable, that claim is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Lucky***, 229 A.3d 657, 663 (Pa.Super. 2020) (challenge to discretionary aspect of sentence must be preserved at sentencing or in motion to reconsider and modify sentence).

Finally, although Appellant's Rule 1925(b) statement referenced a loss of twenty-six months of credit for time served and Appellant mentions the lost credit in setting forth the various arguments in his brief, he failed to assert this claim during sentencing or in the post-sentence motion, and neglected to provide any discussion or legal argument in his brief to support a claim that the court erred in failing to credit him twenty-six months for time served. Hence, that claim is also waived. **See Lucky**, **supra**; **Commonwealth v. Knox**, 50 A.3d 732 (Pa.Super. 2012) (reiterating, failure to cite to legal authority to support argument results in waiver).[2] Accordingly, we do not address the foregoing arguments that Appellant failed to preserve for our review.[3]

Appellant's remaining issue purports to assail the timeliness of the proceedings on two grounds: 1) Appellant asserts that, by paying his court costs, he satisfied the terms of probation, and was entitled to have the case closed before he committed the crimes that triggered the violation; and 2)

---

[2] If we were to address the merits of this issue, we would reject Appellant's argument for the reasons that the trial court highlighted in its opinion, *i.e.*, the twenty-six-month period of incarceration was credited to Appellant's Delaware County sentence. Trial Court Opinion, 1/29/19, at 7.

[3] Although the trial court suggested that "Appellant waived his speedy trial argument by failing to raise it either at his violation hearing, in his letter brief, or at his sentencing on the probation violation," it is clear from the certified record that Appellant challenged the delayed hearing in both the letter brief and the post-sentence motion. **Compare** Trial Court Opinion at 4 **with** Letter Brief, 9/27/18 at 1 and Post-Sentence Motion, 11/26/18, at unnumbered 3-4.

approximately two years elapsed between the alleged violation in September 2016 and his receipt of the requisite notice of the violation hearing, which he also asserts was late. Appellant's brief intertwines these separate issues into one multi-faceted argument. Essentially, he posits that, but for the delay in holding the violation hearing, and the delayed notice, he would have been able to offer evidence to bolster his contention that he paid the court costs and satisfied the terms of probation before committing the triggering offenses. *See* Appellant's brief at 11-14. Tellingly, Appellant does not assert that favorable evidence actually exists, simply that the respective delays impeded his ability to locate it. *Id.* at 11-12 (delay prevented him from locating evidence to further support testimony that he paid all costs before new violating charge).

Concerning the revocation of probation, intermediate punishment, or parole, Pa.R.Crim.P 708(B) provides:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) a hearing held **as speedily as possible** at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.C rim.P. 708(B) (emphasis added).

While Rule 708 does not define "speedily as possible" or establish a period in which the Commonwealth must revoke probation, the phrase "has

been interpreted to require a hearing within a reasonable time."

***Commonwealth v. Woods***, 965 A.2d 1225, 1227 (Pa.Super. 2009) quoting

***Commonwealth v. Clark***, 847 A.2d 122, 123–124 (Pa.Super.2004)). Hence,

"the question is whether the delay was reasonable under the circumstances

of the specific case and whether the appellant was prejudiced by the delay."

***Id***.

As we explained in ***Clark***,

> In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty.

***Clark***, ***supra***, at 124 (citations omitted).

After a thorough review of the certified record, the parties' briefs and

the pertinent law, we discern no error of law or abuse of discretion on the part

of the trial court as to Appellant's claims of delay, and we affirm the judgment

of sentence on the basis of the cogent and well-reasoned analysis that the

Honorable Rea B Boylan provided in pages four through seven of the opinion

entered on January 28, 2019. ***See*** Trial Court Opinion, 1/28/19, at 4-7.

Specifically, Judge Boylan concluded, *inter alia*, that: 1) the record

belied Appellant's bald assertion that he satisfied the terms of probation prior

to committing the attempted murder and related offenses in Delaware County

- 8 -

that triggered the probation violation; 2) under prevailing legal precedent, it was not unreasonable to defer the violation of probation hearing until Appellant was tried for those crimes in Delaware County; and 3) as to both the alleged delay in receiving notice and the scheduled delay in the violation hearing, Appellant cannot demonstrate prejudice as to his liberty because he was incarcerated on the charges that triggered revocation, and likewise, there was no prejudice as to potentially lost evidence or witnesses because the Delaware County conviction "conclusively established [the] probation violation." *Id*. at 6. As previously noted, Appellant does not identify any evidence relating to the violation or the payment of the costs that he would have offered but for the delays. For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date: 7/14/2021*

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

TYRE BEY

:
:
:
:
:
:
:

No. CP-09-CR-0003569-2013

## OPINION

Defendant Tyre Bey ("Appellant") appeals to the Superior Court of Pennsylvania from the judgment of sentence imposed on November 19, 2018. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### I. PROCEDURAL BACKGROUND

On August 19, 2013, Appellant entered a negotiated guilty plea to Criminal Trespass,[1] a felony of the second degree, and this Court sentenced Appellant to four years' probation pursuant to the recommendation of the Commonwealth. N.T. 9/13/18, p. 6. The conditions of Appellant's probation were that he have no contact with the victim and that he pay $2,487 in court costs. N.T. 9/13/18, p. 6. We ordered that the case could close after two years if costs were paid in full and Appellant did not otherwise violate the terms of his probation. N.T. 9/13/18, pp. 6-7. The Sharon Hill Borough Police Department subsequently charged Appellant with Aggravated Assault,[2] Simple Assault,[3] Recklessly Endangering another Person,[4] Terroristic Threats with Intent to Terrorize Another,[5] Harassment,[6] Criminal Attempt – Murder of the First Degree,[7] and Criminal

---

[1] 18 Pa. Stat. and Cons. Stat. Ann. § 3503(a)(1)(ii).
[2] 18 Pa. Stat. and Cons. Stat. Ann. § 2702(a)(1).
[3] 18 Pa. Stat. and Cons. Stat. Ann. § 2701(a)(1).
[4] 18 Pa. Stat. and Cons. Stat. Ann. § 2705.
[5] 18 Pa. Stat. and Cons. Stat. Ann. § 2706 (a)(1).
[6] 18 Pa. Stat. and Cons. Stat. Ann. § 2709(a)(1).
[7] 18 Pa. Stat. and Cons. Stat. Ann. § 901(a).

CLERK OF COURTS
BUCKS COUNTY

2019 JAN 29 P 12: 04

RECEIVED

1

Attempt – Criminal Homicide[8] for crimes committed in Delaware County on September 8, 2016. Appellant was arrested on the new charges on September 16, 2016, and bail was set. On that same day, Appellant paid off his court costs in his Bucks County case and the Bucks County Clerk of Courts entered a Praecipe to Satisfy Judgment in that matter.

After receiving notice of the new charges, the Bucks County Department of Adult Probation and Parole lodged a detainer against Appellant on November 17, 2016, and filed a Praecipe for Violation Hearing on August 10, 2017. N.T. 9/13/18, p. 7. The violation hearing was continued pending disposition of the new charges. N.T. 9/13/18, p. 7. Following a jury trial in Delaware County on April 13, 2018, Appellant was convicted of Aggravated Assault,[9] Simple Assault,[10] Terroristic Threats with Intent to Terrorize Another,[11] and Criminal Attempt – Murder of the First Degree[12] and on June 4, 2018, the Honorable Richard M. Cappelli sentenced Appellant to an aggregate term of eleven to twenty-three years in a state correctional institute.

On September 13, 2018, Appellant appeared before this Court for a probation violation hearing. At the violation hearing, the Bucks County Department of Adult Probation and Parole recommended that this Court find Appellant in violation of his probation, revoke his probation, and resentence him to two-and-a-half to five years, to run consecutively with his sentence on the Delaware County charges. N.T. 9/13/18, p. 7-8. Appellant argued that he should not be found in direct violation because he did not receive notice of the violation until a week before the hearing on September 13, 2018. N.T. 9/13/18, p. 17, 22. This Court deferred deciding whether Appellant was in violation of his probation to afford Appellant's counsel the opportunity to submit a

---

[8] 18 Pa. Stat. and Cons. Stat. Ann. §901(a).
[9] 18 Pa. Stat. and Cons. Stat. Ann. § 2702(a)(1).
[10] 18 Pa. Stat. and Cons. Stat. Ann. § 2701(a)(1).
[11] 18 Pa. Stat. and Cons. Stat. Ann. § 2706 (a)(1).
[12] 18 Pa. Stat. and Cons. Stat. Ann. § 901(a).

2

Memorandum of Law regarding the notice issue. N.T. 9/13/18, p. 23. Upon consideration of the testimony presented at the revocation hearing and Appellant's letter brief, dated September 27, 2018, this Court concluded that Appellant was in direct violation of his probation because he committed a violent crime in another county before his probation was eligible to be closed. N.T. 9/13/18, p. 22. On November 19, 2018, we revoked Appellant's probation and sentenced him to nineteen months to five years' imprisonment, running consecutively with the eleven to twenty-three year Delaware County sentence.

Appellant timely filed a Motion for Reconsideration on November 21, 2018. However, this Court lost jurisdiction of that Motion after Appellant filed his Notice of Appeal on December 12, 2018. See Pa.R.A.P. 1701.

## II.    MATTERS COMPLAINED OF ON APPEAL

On December 20, 2018, this Court issued an Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Appellant to file a Concise Statement of Matters Complained of on Appeal. On January 3, 2019, Appellant filed such a Statement, which raised the following issues, *verbatim*:

1. Did the Court violate Pennsylvania Rules of Criminal Procedure, Rule 708; 37 Pa. Code 71.2, *et seq.*; and the United States and enhanced Pennsylvania Due Process protections in denying Appellant's Motion to Dismiss as untimely for a violation filed eleven (11) months after the violating arrest, thirteen (13) months after maximum, two years after the alleged violations, where the Appellant denied he received notice of violation and he was prejudiced based on lost evidence and lost time served credit?
2. Did the Court err in failing to grant Appellant any time credit for the more than twenty-six (26) months he was in custody before his violation was decided?
3. Did the Court abuse its discretion when it sentenced Appellant to nineteen (19) months to five (5) years without credit for time served, when the case was almost closed, Appellant lost twenty-six (26) months time credit due to the parole department's delay, and finding was contrary to Appellant's mitigating evidence?

3

## III.  ANALYSIS

We find that Appellant is not eligible for the relief requested in his appeal from judgment of sentence. Initially, it should be noted that Appellant waived his speedy trial argument by failing to raise it either at his violation hearing, in his letter brief, or at his sentencing on the probation violation. See Commonwealth v. Reggie, 399 A.2d 1125 (Pa. Super. 1979). Although Appellant's failure to argue that the probation revocation hearing was not timely held constituted a waiver of that point, this argument would be without merit even if it had not been waived.

A sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred within the probationary period. Commonwealth v. Wright, 116 A.3d 133, 137 (Pa. Super. 2015). However, in that circumstance, the probation must be revoked, and the sentence must be imposed within a reasonable time after the expiration of the probationary period. Id. Pennsylvania Rule of Criminal Procedure 708(B) provides, in relevant part:

> Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

The phrase "as speedily as possible" has been interpreted to require a hearing within a reasonable time. Commonwealth v. Woods, 965 A.2d 1225, 1227 (Pa. Super. 2009) (quoting Commonwealth v. Clark, 847 A.2d 122, 123–24 (Pa. Super. 2004)). Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation, but the Pennsylvania Superior Court has held that the period of delay is to be measured from the date of conviction to the date the revocation hearing is held. Commonwealth v. Reed, 419 A.2d 677 (Pa. Super 1980). The question is whether the delay was reasonable under the circumstances of the specific case and whether the

4

appellant was prejudiced by the delay. Woods, 965 A.2d at 1227; Clark, 847 A.2d at 123-24. In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. Id.

To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove that the delay in holding the revocation hearing prejudiced him. Woods, 965 A.2d at 1229.

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty.

Commonwealth v. Marchesano, 544 A.2d 1333, 1336 (Pa. 1988). If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. Commonwealth v. Bischof, 616 A.2d 6, 9 (Pa. Super. 1992). Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim that a delay in his parole violation hearing prejudiced him because he lost favorable witnesses and evidence. Id.

Furthermore, the Pennsylvania Supreme Court has held that it is not unreasonable for a probation revocation hearing to be postponed pending adjudication of criminal charges which are the basis for the revocation, even if that postponement results in a revocation hearing held after the expiration of the probationary sentence. Commonwealth v. Burrell, 441 A.2d 744, 745–46 (Pa. 1982) (referencing Commonwealth v. White, 279 A.2d 768 (Pa. Super. 1971)). Although it is constitutionally permissible for a probation revocation hearing to be held after arrest but before determination of a criminal charge, it has been recognized that "it may in many cases be preferable to defer that hearing until after the trial, thus avoiding the possibly unjust result

5

of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." Burrell, 441 A.2d at 745–46 (quoting Commonwealth v. Davis, 336 A.2d 616, 623 (Pa. Super. 1975)).

Here, Appellant's probation was revoked and his sentence was imposed within a reasonable time after the expiration of the probationary period. The parties agreed that Appellant's only violation arose out of his conviction for the charges which he incurred on September 12, 2016, in Delaware County. N.T. 9/13/18, p. 11. The length of the delay between Appellant's conviction for the violating charges (April 13, 2018) and his revocation hearing (September 13, 2018) was just four months, which was reasonable under the circumstances of this case. Specifically, Appellant's revocation hearing was only postponed pending disposition of the Delaware County charges in accordance with the Pennsylvania Supreme Court's holding in Burrell. Contrary to Appellant's contentions otherwise, he was not prejudiced by the delay based on "lost evidence" because his new charges conclusively established his probation violation. In addition, Appellant did not suffer any loss of freedom from the delay in holding the revocation hearing because he was already imprisoned pending disposition of the violating charges. Therefore, Appellant is barred from claiming that the delay in his VOP hearing prejudiced him on the basis of lost evidence.

In addition, Appellant was not deprived of due process because he received notice of the probation revocation hearing one week prior to the proceeding. Although a detainer was lodged against Appellant on November 12, 2016, he contends that he did not receive notice of the revocation hearing until a week prior to the scheduled date. N.T. 9/13/16, p. 17. The Commonwealth Court has held that six days' notice of a revocation hearing affords due process where an offender does not assert prejudice or suggest a defense. Reavis v. Pennsylvania Bd. of Prob. & Parole, 909 A.2d 28, 35 (Pa. Commw. Ct. 2006). As discussed *supra*, Appellant makes a

6

groundless claim of prejudice based on lost evidence, without support in the record, for the first time in his Statement of Matters Complained of on Appeal. Therefore, Appellant's due process rights were not violated when his first notice of the probation revocation proceedings arrived one week before the hearing.

Furthermore, this Court did not err in failing to grant Appellant any time credit for the more than twenty-six (26) months he was in custody before his violation was decided. If a defendant is being held in custody solely because of a detainer lodged by the Board of Probation and Parole and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. Gaito v. Pennsylvania Bd. of Prob. & Parole, 412 A.2d 568, 571 (Pa. 1980). If a defendant remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence. Id. However, a defendant cannot get double credit. See Commonwealth v. Ellsworth, 97 A.3d 1255, 1257 (Pa. Super. 2014); see also Commonwealth v. Merigris, 681 A.2d 194, 195 (Pa. Super. 1996) (defendant not entitled to "receive credit against more than one sentence for the same time served"). As an initial matter, Appellant did not raise the credit issue at his sentencing for the probation violation in Bucks County on November 19, 2018. Furthermore, Appellant was given credit for the "more than twenty-six (26) months he was in custody before his violation was decided" on his Delaware County case.[13] Pursuant to the Pennsylvania Supreme Court's holding in Gaito and the Superior Court's holdings in Ellsworth and Merigris, Appellant is not entitled to double credit for time served. Therefore, Appellant was never entitled to receive credit on his Bucks County case for the time he spent in custody before his violation was decided.

---

[13] This Court called the records custodian at SCI Phoenix, who confirmed that Appellant has in fact received credit for time served from September 16, 2016, to June 4, 2018, against his Delaware County sentence.

In his third matter complained of on appeal, Appellant argues that this Court abused its discretion by sentencing him to nineteen (19) months to five (5) years without credit for time served. Having addressed the baselessness of the time served argument *supra*, we further find that this Court properly relied on permissible factors to issue a sentence well within our discretion.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. Ct. 2006) (citation omitted). To establish an abuse of discretion, an appellant must show, by reference to the record, "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." Id. Since sentencing guidelines do not apply to sentences imposed following a revocation of probation, the sentencing court must consider 42 Pa.C.S. § 9721(b). Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa. Super. 2001). Section 9721(b) provides in pertinent part as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b).

Here, this Court considered appropriate factors and imposed a sentence well within its discretion pursuant to 42 Pa.C.S. § 9721(b). We properly took into account the seriousness of the charges resulting in the violation and the fact that Appellant had previously served a sentence of six to twelve years in a state correctional facility for a violent offense. N.T. 11/19/18, p. 11. We considered that Appellant was originally sentenced to four years' probation pursuant to the recommendation in his negotiated guilty plea to Criminal Trespass in Bucks County, but violated the terms of probation by committing violent crimes, including Attempted Murder of the First Degree, Aggravated Assault, and Terroristic Threats. N.T. 11/19/18, p. 10. Further, we weighed

8

the severity of the violating offenses with the fact that the direct violation was Appellant's only violation. N.T. 11/19/18, p. 11. Finally, we note that in considering the above factors, the sentence imposed was less than the recommendation of the Bucks County Department of Adult Probation and Parole. While the probation officer recommended that Appellant be resentenced to a two-and-a-half to five year term of incarceration running consecutively with the eleven to twenty-three year Delaware County sentence, we sentenced Appellant to nineteen months to five years to run consecutively to the Delaware County sentence. N.T. 11/19/18, pp. 7, 12. Thus, we imposed a sentence well within our discretion and provided specific, factual reasons for the decision on the record. Any lesser sentence would have diminished the seriousness of Appellant's violation. Accordingly, Appellant's argument fails, as this Court did not abuse its discretion in imposing sentence.

## IV. CONCLUSION

For the foregoing reasons, we respectfully submit that Appellant's arguments are without merit and that his appeal should be denied.


DATE:                                          BY THE COURT:

*January 28, 2019*

REA B. BOYLAN, J.


9

Copies to:

Kenneth Hone, Esquire
Bucks County Public Defender's Office
Bucks County Justice Center, 1st Floor
100 North Main Street
Doylestown, PA 18901
    *Counsel for Appellant*

Bucks County District Attorney's Office
Bucks County Justice Center, 2nd Floor
100 North Main Street
Doylestown, PA 18901
    *Counsel for the Commonwealth*